GOWER *v.* JOHNSON.

Opinion delivered March 28, 1927.

1.  ELECTIONS—PRIMARY ELECTION CONTEST.—Under the primary election law (Crawford & Moses' Dig., § 3746 *et seq.*), a contest is a statutory proceeding which is intended to furnish contestant with a summary remedy and to secure a speedy trial of the issues.

2.  ELECTIONS—CONTEST OF PRIMARY ELECTION—TIME.—The requirement in the primary election law that proceedings to contest a nomination be filed within 10 days after certification of the nomination complained of (Crawford & Moses' Dig., § 3746 *et seq.*) is mandatory and jurisdictional.

3.  ELECTIONS—CONTEST OF PRIMARY ELECTION—COMPLAINT.—In a primary election contest a complaint alleging that both plaintiff and defendant received votes in the election for the office of sheriff, that defendant did not receive a majority of the legal votes, that plaintiff is the legal nominee, without alleging the grounds of the contest or that the plaintiff received either a plurality or a majority of the votes, *held* insufficient.

4.  ELECTIONS—PRIMARY ELECTION—TIME OF FILING CONTEST.—Where a complaint in a primary election contest failed to state a cause

of action, it cannot be cured by an amendment not filed within the time required by the statute for contesting.

Appeal from Stone Circuit Court; *Dene H. Coleman,* Judge; affirmed.

This is a statutory proceeding by John B. Gower against Sam Johnson to contest the right of the latter to be declared the nominee for sheriff of Stone County under the primary election held by the Democratic party on the 10th day of August, 1926. The complaint is somewhat lengthy, and, for that reason, is not set out in full. It is alleged that Gower received ———— votes in said election for the office of sheriff in Stone County, and that Johnson received ———— votes in said election. It is further alleged that Johnson is not the legal nominee for sheriff and did not receive a majority of the legal votes cast in the election for said office, and that plaintiff is the legal nominee and should be given the certificate of nomination.

The ground of contest is that the names of the voters who voted for Johnson do not appear upon the certified list of poll-tax payers required by the statute and because those voting for Johnson did not show a legal right to vote as required by statute. The circuit court sustained a demurrer to the complaint. The complaint was filed August 23, 1926, and, on the 3rd day of September, 1926, the plaintiff asked leave to amend his complaint by stating the number of voters who voted for him and the number who voted for the defendant, and otherwise specifying grounds of contest which were not stated in his original complaint. The defendant also filed a motion to dismiss the complaint because it did not state all of the candidates for sheriff at said primary election, and that the plaintiff received more votes than any other candidate for said office.

The court found the issues in favor of the defendant, and the complaint of the plaintiff was ordered dismissed. Judgment was entered in conformity with the holding of

the court, and the plaintiff has duly prosecuted an appeal to this court.

*J. Paul Ward,* for appellant.

*Jeffrey & Bengel,* for appellee.

HART, C. J., (after stating the facts). The judgment of the circuit court was correct. Under our previous decisions construing our primary election statute, the right to contest a primary election is a statutory proceeding, the purpose of which is to furnish a summary remedy and to secure a speedy trial. The provision requiring the contest to be filed within ten days has been held to be mandatory and jurisdictional. If the contest is not filed within ten days after certification of the nomination complained of, the failure to institute the contest within that time is fatal to the right of the contestant. *Hill* v. *Williams,* 165 Ark. 421, 264 S. W. 964; and *Storey* v. *Looney,* 165 Ark. 455, 265 S. W. 51.

As was said by the Supreme Court of the United States in *Walsh* v. *Mayer,* 111 U. S. 31: "The provisions requiring it to be asserted in a particular mode and within a fixed time are conditions and qualifications attached to the right itself, and do not form part of the law of the remedy. If it is not asserted within the limited period, it ceases to exist, and cannot be claimed or enforced in any form."

The allegations of the original complaint were too general. It was not stated that one of the candidates received a plurality of votes at the election or that they were the only two candidates voted upon at said election for sheriff, or that the plaintiff received a majorty of the votes cast for that office. Hence the court properly sustained a demurrer to it. The statute under consideration gives both the right to contest and the remedy of the contestant, and he must bring himself strictly within the statute by stating specifically the grounds upon which he contested the election; and his complaint, which merely stated his conclusion in the premises, was properly held to be subject to demurrer. The amendment was not filed within the time required by the statute, and, for that rea-

son, the court properly refused to consider it. *Bland* **v.**
*Benton,* 171 Ark. 805, 286 S. W. 976. Under the statute,
the contestant is limited to the grounds of contest set out
in his original complaint, and these grounds cannot be
enlarged by subsequent amendment not made within the
time· required by the statute for contesting.

It follows from the views we have expressed that the
judgment appealed from must be affirmed.