·Cain *v.* McGregor.

Opinion delivered November 10, 1930.

634

·*Roy D. Campbell,* for appellant.

*Reece Jones, Ross Mathis* and *W. J. Dungan,* for appellee.

HART, C. J., (after stating the facts). The complaint was filed on the 21st day of August, 1930, and the answer to it was filed on August 30, 1930. Thus it will be seen that the complaint and answer were filed within the time prescribed by § 3772 of the Digest.

On the 16th day of September, 1930, the contestee was allowed to file an amendment to his answer to the effect that the list of poll taxpayers duly authenticated by the affidavit of the collector in person, as required by § 3740 off the Digest, was not filed with the county clerk as required to the end that it should be recorded by the

clerk and a certified copy thereof delivered by him to the election commissioners.

Recognizing the importance to the public as well as to the parties of an early decision in primary election contests, the Legislature assumed that ten days would be sufficient time for one proceeding with due diligence in a contest of this kind to learn of the grounds upon which he proposed to contest the election and to file his complaint in the case. Crawford & Moses' Digest, § 3772. The language of the statute in this respect is mandatory, and a compliance with its provisions is a pre-requisite to the exercise of the jurisdiction of the court. Introducing new grounds of contest would surprise the contestee, and require the postponement of the trial to enable him to meet such grounds. Hence we have held that amendments setting up new grounds of contest after the statutory period should not be allowed. *Bland* v. *Benton*, 171 Ark. 805, 286 S. W. 976; and *Gower* v. *Johnson*, 173 Ark. 120, 292 S. W. 382.

The same reason does not apply to the time a contestee was required to answer. He is not contesting the election. The statute properly fixes a time for him to file his answer in order to expedite the trial of the contest, and the court may permit him to answer the complaint at any time in the discretion of the court before the trial commences. Where the contestee alleges new matter therein for his defense, an amendment to his answer is the proper pleading in which to do so, and the court may allow this to be done, at any time which does not delay the trial of the contest. *Irby* v. *Day, ante* p. 595. Besides, where the contestant fails to show any legal grounds of contest by reason of failure of proof or for any other reason, defense thereto can be made by motion to dismiss or by objection to the evidence offered as not being competent.

It is next insisted that the court erred in holding that there had not been a substantial compliance with § 3740 of the Digest. The record shows that the collector

of taxes did not authenticate the list of poll taxpayers filed with the county clerk by his affidavit. The collector did not even file the lists with the clerk. The clerk procured the lists from the deputy collectors and filed them in his office with his certificate that the lists were true and complete copies of the original lists of poll taxpayers filed in his office by R. H. Smith, collector, and that said lists contain the names of all electors who have paid their poll taxes for the year 1929. This was not a substantial compliance with the statute.

In *McLain* v. *Fish*, 159 Ark. 199, 251 S. W. 686, it was held that in a contest of a certificate of a primary nomination, voters whose names do not appear in the published list of qualified voters were properly excluded where the evidence of their qualification was not returned by the election officers as required by § 3777 of the Digest. The basis of the holding was that it was a reasonable and practical way in which to inquire into the matter in a contested election proceeding. The court said that, if the election was over, and a contest had arisen, it might be difficult to produce proof, *pro* and *con*, as to the qualifications of a voter, but if that evidence was produced at the time of the election and preserved, all uncertainty on the subject was eliminated.

Again, in *Storey* v. *Looney*, 165 Ark. 455, 265 S. W. 51, the court said that the provision of the statute was mandatory, and in a contest of an election where a list was published as required by statute, the qualification of voters not on the list must be proved in accordance with the statute or be excluded. By parity of reasoning, the qualification of voters on the list must be proved by it as required by the statute.

Such was the holding of the court in *Brown* v. *Nisler*, 179 Ark. 178, 15 S. W. (2d) 314. In that case the court held that in an election contest by one claiming to be the rightful nominee, basing his claim almost entirely on the printed list of legal voters furnished to the election judges, his complaint was properly dismissed where the

printed list was invalid for want of substantial compliance with Crawford & Moses' Digest, § 3740. In that case, the clerk took the tax books and himself made a list of the poll taxpayers which he delivered to a printer to be printed, and it was held that this was not a substantial compliance with the act.

That case governs here. The collector did not furnish the list to the county clerk and did not authenticate the same by his affidavit as required by statute. The county clerk obtained the list from the deputy collectors, and the list was not verified by the collector. One object of the act was to provide for the making of a full and complete list of all persons having the right to vote at an approaching election except only those who might become of age or be authorized to vote under other provisions of the statute. This would prevent interruption at the election by challenges or inquiries as to the right of voting. Then too, as decided in the case above mentioned, it would furnish a practical guide for the court in primary election contests.

The whole proceeding is statutory, and the statute must be substantially followed in all proceedings, even to the trial of the contest provided by the statute. There is a presumption that the election was conducted according to law, and that the candidate legally entitled thereto received a certificate of election, and the presumption cannot be overcome by mere charges of fraud or illegalities in the conduct of the election. If the Legislature thinks that the collectors are not performing the duties required of them by statute in the premises in addition to the remedy by mandamus which now exists, it might by appropriate penalties amend the statute so as to punish the offender, even to the extent of removing him from office if he failed to comply with the statute.

It follows that the judgment of the circuit court was correct, and it will be affirmed.