WHEELER *v.* JONES.

5-3593                                    390 S. W. 2d 129

Opinion delivered May 17, 1965.

[Rehearing denied June 7, 1965.]

*G. Thomas Eisele,* for appellant.

*John B. Driver, N. J. Henley,* for appellee.

GEORGE ROSE SMITH, J. This is a proceeding ·filed by the appellant to contest the general election of last

November with respect to the office of county judge in Searcy County. This appeal is from an order sustaining a demurrer to the complaint, on the ground that it fails to state a cause of action, and dismissing the proceeding.

The complaint alleges that the County Board of Election Commissioners certified that the appellee, the Democratic candidate, had defeated the appellant, the Republican candidate, by a vote of 1,701 to 1,691. As a basis for the contest the complaint asserts that 52 named persons who were not qualified electors voted in the absentee box and that an additional 196 named persons voted in precincts in which they did not reside. There is no allegation either that these challenged votes were cast for the appellee or that the result of the election would be changed if these votes were set aside. All that the complaint really asks is that the questioned ballots be declared void and that the remaining ballots then be counted to see who actually won the election.

We have often held that a complaint such as this one does not state a cause of action. Several of the cases were reviewed in *McClendon* v. *McKeown*, 230 Ark. 521, 323 S. W. 2d 542 (1959). Under these decisions the contestant, to state a cause of action, must show that the outcome of the election would be changed if certain identified illegal votes cast for his opponent were disregarded.

This appellant makes two arguments in his attempt to escape the effect of our prior holdings. First, it is contended that those cases involved the primary election laws and are not controlling in a contest of a general election. It is true that the statute permitting a contest of a primary election, Ark. Stat. Ann. § 3-245 (Repl. 1956), is not worded exactly like the statute that governs the contest of a general election. § 3-1204. There is, however, nothing in the difference in wording to support the appellant's present argument. Neither statute purports to define the allegations that a contestant must make to state a cause of action. The rule followed in our earlier opinions is not of statutory origin. It is merely an example of the basic principle that a complaint, to be

good against demurrer, must state *facts* constituting a cause of action. It is the absence of such facts that makes the present complaint fatally deficient.

Secondly, it is insisted that this plaintiff would be denied due process of law if we should hold his complaint to be subject to demurrer. This argument has no merit. Fundamentally the appellant complains of the fact that some persons voted in precincts where they did not live and that others who were not qualified electors were allowed to vote. There is nothing in the due process clause to require either that a voter cast his ballot only in his home precinct or that he comply with the various Arkansas statutes defining a qualified elector. As far as the constitution is concerned, the legislature is free to dispense with both of these requirements. Thus it is readily apparent that the grievances now asserted by the plaintiff do not involve matters protected by the guaranty of due process of law.

The trial court was right in refusing to allow the plaintiff to amend his complaint after the expiration of the twenty days allowed for the filing of the contest. Ark. Stat. Ann. § 3-1203. As we have seen, this complaint did not state a cause of action. To allow it to be amended in such a way as to state a cause of action would, in effect, permit the plaintiff to assert, for the first time, his cause of action after the expiration of the twenty days. Such an amendment is not permissible. *Cain* v. *McGregor,* 182 Ark. 633, 32 S. W. 2d 319 (1930). We do not think it necessary to discuss other subordinate contentions made by the appellant.

Affirmed.