JOHNNIE E. GAY ET AL *v.* DAVE BROOKS ET AL

5-5669                                   473 S.W. 2d 441

Opinion delivered December 6, 1971

*Delector Tiller,* for appellants.

*Navada C. Roberts* and *Charles A. Wales, Jr.,* for appellees.

FRANK HOLT, Justice. The appellants and appellees are rival groups for the city offices of Allport, Arkansas.

In the November 1970 general election the appellees were elected to fill the various city offices. The appellants were the defeated candidates. The appellees were duly certified as being elected and were sworn into their respective offices. On January 4, 1971, or a few days after appellees took their oaths of office, the appellants filed their complaint alleging that appellees were ineligible to hold the various city offices because they had not paid the $1.00 ballot fee to the city, as required by law, for the purpose of having their respective names printed on the general election ballot. Because of this asserted ineligibility of the appellees to hold the public offices, and therefore being usurpers, the appellants alleged that pursuant to Article 19 § 5 to our State Constitution they (except Dan C. Thomas and Ray Williams, Jr.) would "continue to hold over until their successors are elected and qualified, or until this court rules otherwise." Appellants sought a "judgment of ouster against [appellees] for title to the respective offices, excluding Theola Williams.

In their answer the appellees asserted, inter alia, that appellants' complaint should be dismissed because it is, in effect, an election contest and barred by the statute of limitations. The appellees reserved the right to plead further if their motion to dismiss was refused.

After a hearing on the pleadings, the court dismissed appellants' complaint, finding that the complaint on its face shows that no action was taken by the appellees until January 4, 1971, following the November 1970 general election; that the proper remedy would have been for the appellants to have instituted their action before the election to prevent appellees' names being placed on the ballot or that following the election the appellants should have initiated a contest of the election within the statutory time to show any misconduct in the election; that the appellants had done neither; that any effect upon the eligibility of the appellees due to non-payment of the $1.00 ballot fee was waived by the appellants; and further that the appellants are not now eligible to hold the offices in dispute. From the order dismissing appellants' complaint comes this appeal.

For reversal appellants contend that the court erred in dismissing their complaint without giving them an opportunity to amend their complaint or submit any evidence. We find no merit in this contention. From a review of the record it is apparent that appellants and their counsel were present at the hearing on the pleadings. We do not find where the appellants ever requested that they be permitted to amend their complaint or offer any evidence in support of their allegations.

We agree with the trial court that the pleadings, in effect, constitute an election contest and that the appellants' complaint shows on its face that it was not filed within the statutory time (20 days) following certification of election. Ark. Stat. Ann. § 3-1001 (Supp. 1969). Therefore, appellants' complaint was deficient and subject to appellees' motion to dismiss. We have said that a motion to dismiss a complaint is tantamount to a general demurrer. *Meeks* v. *Arkansas Light & Power Co.,* 147 Ark. 232, 227 S. W. 405 (1921).

Furthermore, even if the $1.00 ballot fee to the city officials was not paid by the appellees, this fact cannot now be a valid issue since the appellants admit that appellees received a plurality of the votes cast. Thereafter the appellees were duly certified and sworn into their respective offices. No citation of authority is necessary to the effect that compliance with such pre-election requirements is mandatory before an election and becomes directory afterwards.

It follows that since the court properly dismissed appellants' complaint, the court did not err in ordering the appellants to deliver to the appellees certain records, books, and equipment belonging to the City of Allport. We deem it unnecessary to discuss any other contention made by appellants.

Affirmed.