GEORGE COWGER AND BRUCE STEWART v.
FAY MATHIS ET AL

73-180                                    501 S.W. 2d 212

Opinion delivered November 13, 1973

*Donald Poe,* for appellants.

*Alex G. Streett, David A. Stewart* and *Gordon, Gordon & Eddy,* for appellees.

FRANK HOLT, Justice. The appellants, who are tax payers of the Danville school district, brought this action to contest and void a tax millage levy approved by the voters in a regular school district election held on the date fixed by law (March 13, 1973). The school directors, the superintendent of the school district, various election and county officials were made defendants (appellees). The appellants alleged numerous election irregularities including the allegation the school directors did not give notice of the election as is required by law; that, although other parties did publish a notice, such publication was an improper and inadequate instrument and not in conformity with the law requiring notice of the election in which the millage levy was voted upon. Furthermore, that the election was conducted by persons who were not properly selected as officials and who were directly interested in a favorable vote on the tax millage proposal. Also, that unqualified voters participated in the election and, therefore, all ballot boxes, including the absentee box, should be thrown out and the election voided. The trial court sustained a demur-

rer to the petition and refused to permit the original petition to be amended because the amendment was filed after the expiration of the statutory period of time to contest the election.

Appellants first contend for reversal that "[T]he petition as originally filed stated a cause of action for contest of an alleged tax levy and demurrer should not have been sustained." Appellants, in support of their argument that the court erred in sustaining the demurrer to their petition, limit and ably summarize their first contention by stating:

In the first instance, the petition states acts of misfeasance and malfeasance of selecting and equipping of the required voting precincts by persons other than the election commissioners, nullifying and negating the school election to the extent that if no election had been held: and, secondly, the usurpation of the duties and responsibilities by others instead of election commissioners, designating polling precincts, and selecting of judges and clerks: thirdly, the permitting of individuals, who were not qualified voters and non-residents, to vote in the alleged absentee box, mixed with votes in other districts, which destroyed the integrity of the box to such an extent as to throw out the entire box.

In *William H. Jones* v. *Etheridge,* 242 Ark. 907, 416 S.W. 2d 306 (1967), we said:

We have repeatedly held that a petition for contest of an election does not state a cause of action where it does not charge that any specified vote was illegally cast, or does not contain sufficient information which would identify any such illegal voter, and contain only generalities or conclusions of law to the effect that illegal votes were cast.

To the same effect is *Wheeler* v. *Jones,* 239 Ark. 455, 390 S.W.2d 129 (1965). When we apply the foregoing criteria to the case at bar, we quickly hold that appellants' petition does not state a cause of action and was subject to appellees' demurrer.

Appellants do not favor us with any argument that the election was invalidated because of improper or insufficient notice. Of course, an issue not argued on appeal is deemed waived. *Sarkco* v. *Edwards Plan Service,* 252 Ark. 1082, 482 S.W.2d 623 (1972).

Appellants next contend the court erred in refusing appellants' amendment to their petition. We cannot agree. It appears undisputed that the amendment was proffered after the twenty days allowed for commencing the contest of the election. Ark. Stat. Ann. § 80-322 (Repl. 1960). It was not permissible to amend the original petition to now state a cause of action. To do so would in effect allow the appellants for the first time to assert a cause of action after the expiration of the twenty days. In. such a situation, appellants' amendment is not permissible. *Wheeler* v. *Jones, supra, Wilson* v. *Ellis,* 230 Ark. 775, 324 S.W.2d 513 (1959).

Neither can we agree with appellants that the asserted delegation of duties and responsibilities by election commissioners constituted legal fraud which would invalidate the election. We do not construe appellants' petition to assert actual fraud. Furthermore, in *Wilson* v. *Ellis, supra,* we recognized that ordinarily election regulations are mandatory before the election and directory afterwards, "and that the courts do not favor dis-franchising a legal voter because of the misconduct of another person." A presumption attends every election that it is conducted according to the law and the presumption of validity cannot be overcome by mere charges of fraud or illegalities. *Cain* v. *McGregor,* 182 Ark. 633, 32 S.W. 2d 319 (1930).

Affirmed.

JONES, J., dissents.

J. FRED JONES, Justice, dissenting. I do not agree with the majority opinion in this case. This was not an election contest in the sense that the vote by which the tax levy was declared adopted was in question. This was a case in which the legality of the *entire election* was questioned.

The complaint named the commissioners and the school directors and set out their statutory duties pertaining to holding a school election and specifically in regard to preparing and furnishing ballots as related to school tax levy. The complaint then alleged that other people substituted themselves for the school directors and attempted to give notice and prepare the ballot's title contrary to the law. The complaint then alleged that the election commissioners did not select nor appoint the judges or clerks, nor perform the other duties required by law, but that other persons usurped the power and authority of the election commissioners and selected the judges and clerks and that the judges and clerks who served at said election were not judges and clerks selected by the election commissioners.

I agree that the complaint also alleges other matters directed at the validity of the votes, but it is my opinion that the complaint as a whole, stated a cause of action in a taxpayers suit attacking the entire election as absolutely void and I would hold the complaint good on demurrer.