Mabel ALLEN et al *v.* James R. RANKIN et al

80-24                                                    602 S.W. 2d 673
Supreme Court of Arkansas
Opinion delivered July 7, 1980
Rehearing denied August 25, 1980

518

*Thomas L. Cashion* and *Robert V. Light*, of *Friday, Eldredge & Clark*, for appellants.

*W. H. Drew* of *Drew & Mazzanti*, for appellees.

JOHN F. STROUD, Justice. This is a suit by three tax-

payers of the Eudora Special School District seeking to void that portion of the annual school election that approved an 11 mill increase in school tax assessments. We disagree with the finding of the trial court invalidating the election.

At the annual election of the Eudora Special School District on March 13, 1979, the voters approved by a 25 vote margin the proposed 11 mill increase in the tax rate which raised the total school tax asessment to 53 mills. After the county election commission certified the vote as 698 for and 673 against, appellees filed suit on March 29, 1979, alleging numerous irregularities in the election process and seeking to have the election declared null and void. Appellees contend that the irregularities led to approval of the proposed tax rate which would have otherwise been defeated. The school district and the school directors filed their answer to the complaint, alleging that appellees' complaint failed to state a cause of action, and later, on September 28, filed a motion to dismiss the complaint on the ground that the relief sought was not authorized by law in that indispensable parties, the County Election Commissioners, had not been made defendants. The trial court did not rule on the motion until December 4, at which time it was denied. Appellants then filed a petition with this court seeking a writ of prohibition or other relief to block the trial of this matter, but this, too, was denied on December 31, 1979. Trial was held on January 3, 1980, before the circuit judge sitting as a jury, and on January 23 the trial court issued its written findings of fact. The court found that irregularities had occurred in the administering of the oaths to judges and clerks and in the selection of substitute election officials. The court found the irregularities to be sufficient to declare the election null and void in its entirety and to enjoin the county clerk from levying the additional millage. Urging three points for reversal, appellants bring this appeal.

Appellants first contend that the trial court erred in failing to dismiss the case due to the failure of appellees' complaint to join the county election commissioners as defendants. In a case of first impression in this state, this court held in *Henry* v. *Stuart*, 251 Ark. 415, 473 S.W. 2d 165 (1971), that in the contest of a millage increase at a school election, the

directors, or school board members, were the proper parties defendant, not the county election commissioners. The county board of election commissioners have the duty to certify the vote, but after that has been done, it is the school district and its directors that have the greater interest in defending a suit contesting the vote adopting a tax levy. We are not persuaded by appellants' argument that the enactment of Ark. Stat. Ann. § 3-506.1 (Supp. 1977) authorizing prosecuting attorneys to defend a county board of election commissioners should cause us to overrule *Henry* v. *Stuart*, supra.

Appellants also contend that the trial court erred in refusing to dismiss the case on the ground of inexcusable delay in the disposition of this election contest in contravention of the urgent statutory mandate. It is clear that election contests are to be speedily determined, as evidenced by the tenor of all our statutes providing for election contests. It is also clear in this case that although appellees filed this lawsuit within 20 days of the certification of the election, it was not until more than nine months later that this suit came to trial. Ark. Stat. Ann. §§ 80-321 and 80-322 vest jurisdiction in the circuit court for a contest of the election of a school district director and require that the contest be brought within 20 days after the election. The statutes read as though they apply only to the contest of the election of a director, but this court held in *Cowger & Stewart* v. *Mathis*, 255 Ark. 511, 501 S.W. 2d 212 (1973) that § 80-322 was applicable in that suit attempting to void a tax millage levy.

The delay in the trial of this case was entirely too long, but we do not feel appellees should be saddled with the sole responsibility for this delay. The trial court noted the overcrowded nature of its docket during this period and commented that the suit had been brought to trial as expeditiously as his calendar would allow. Perhaps appellees should have applied to this court for a writ of mandamus to obtain an early trial setting; however, we are unwilling to say their failure to do so requires us to hold the trial court's refusal to dismiss the case to be reversible error.

Finally, appellants contend that the trial court erred in its finding that the deviations from the statutory election

procedures warranted declaring the election "null and void in its entirety." Although appellees' complaint alleged fraud as well as numerous irregularities in both the conduct of the election and the actual voting, their proof failed to establish fraud or show that sufficient votes were erroneously cast to change the result of the election. Only the following deviations were established by the evidence and set out in the trial court's findings of fact:

(1) Several election officials were never administered the oath of office by one authorized to do so; and
(2) Several substitute election officials were appointed in an unauthorized manner.

While we do not condone disregard of the state's election laws, we are quite reluctant to void an entire election due to a slight deviation from the statutory requirements. The failure to comply with the letter of the law by election officers, especially in matters over which the voter has no control, and in which no fraud is perpetrated, will not as a general rule render an election void, unless the statute expressly makes it so. *Hogins* v. *Bullock*, 92 Ark. 67, 121 S.W. 1064 (1909). The courts do not favor disfranchising a legal voter because of the misconduct of another person. *Wilson* v. *Ellis*, 230 Ark. 775, 324 S.W. 2d 513 (1959). Further, in *Goggin* v. *Ratchford*, 217 Ark. 180, 229 S.W. 2d 130 (1950), this court noted:

All provisions of the election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose, but after election all should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the result, or unless the provisions affect an essential element of the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of an election, or that its omission shall render it void.

We think the trial court was wrong in voiding the entire election due to the variances from the statutory requirements as set forth in its findings.

There were several other matters raised for the first time on this appeal, but it has been our policy not to consider matters which were not first presented to the trial court. *Dunkum* v. *Moore*, 265 Ark. 544, 580 S.W. 2d 183 (1979).

Reversed and remanded for the trial court to dissolve its order restraining the county clerk from levying the additional 11 mills.

HICKMAN and MAYS, JJ., concur.

DARRELL HICKMAN, Justice, concurring. I agree the judgment of the trial court should be reversed. However, my reasons are different. There were innumerable irregularities in this school election, too many for comfort in fact, and the majority is approving practices which clearly violate several Arkansas statutes. I cannot say the trial court was wrong in voiding the boxes he did. However, the case should have been dismissed. This election contest was filed March 29, 1979. The case was not tried until January, 1980.

Ark. Stat. Ann. § 3-1002 (Repl. 1976) reads:

Hearing or contest — Adjournment of other courts. — If the complaint is sufficiently definite to make a prima facie case, the judge *shall*, unless the Circuit Court in which it is filed is in session or is to *convene within thirty (30) days, call a special term*, which shall possess the powers of a court convened in a regular term, *and shall proceed at once to hear the case*. If the case comes in regular term, it shall be given precedence and be speedily determined. The judge may adjourn other courts in order to hear such cases, and may call another judge in exchange to sit in other courts, or vacate the bench in other courts and cause a special judge to be elected to hold the same; and the session of the special term to hear such cases shall not interefere with the validity of other courts proceeding at the same time in said circuit. [Emphasis added.]

That statute clearly requires the circuit court to expedite an election contest. That was not done in this case. The trial

judge referred to the fact that he had a considerable backlog of cases and I am sympathetic with that problem. However, the law clearly requires that an election contest be put at the head of the docket. There are good reasons, of course, for that. In the case of a candidate an early decision should be made for everyone's best interest. In the case of an election on a tax, such as that before us, an early decision should be made so that the tax books and the collection of the tax can be dealt with in an orderly and efficient manner.

The appellants filed a motion to dismiss this case because it had not been speedily disposed of and it is my judgment that motion should have been granted.

MAYS, J., joins in this concurrence.