Betty SPIRES d/b/a Betty's Liquor and Cynthia
Buckwalter d/b/a C & D Grocery *v.* Walter K.
COMPTON, Larkus Pesnell, and Diana Scritchfield,
Members of the Election Commission of Union County,
Arkansas

91-320                                                837 S.W.2d 459

Supreme Court of Arkansas
Opinion delivered September 21, 1992
[Rehearing denied October 26, 1992.]

*Shackleford, Shackleford, & Phillips, P.A.*, by: *Teresa Wineland*, for appellants.

*Tom Wynne*, Prosecuting Att'y for Union County, for appellees.

TOM GLAZE, Justice. The parties in this 1990 local-option election case were previously before us in another appeal. In the first appeal, appellants, liquor store owners, challenged the validity of a local option election held in Union Precinct, alleging that precinct had not been duly established as required under Ark. Code Ann. § 7-5-101 (1987) (now Repl. 1991). The Union County Election Commission certified the election results, reflecting Union Precinct had voted dry. The trial court dismissed appellants' complaint with prejudice because they had failed to file it within the time required by law. We agreed with the trial court's decision to dismiss, but did so based upon a different reason — the appellants' complaint did not state facts upon which relief could be granted. Accordingly, we held the dismissal was without prejudice. *Spires* v. *Members of the Election Comm'n*, 302 Ark. 407, 790 S.W.2d 167 (1990).

Appellants subsequently refiled their complaint, again requesting the local-option election results in Union Precinct be set aside, and this time, asked for a jury trial. Appellees responded by stating, among other things, that the appellants had failed to file a timely action challenging the local-option petition and the validity of Union Precinct and its 1990 election results. On April 16, 1991, the trial court issued a letter opinion holding the 1990 local-option election in Union Precinct valid and finding the appellants had a pre-election remedy which they had failed to pursue. That being so, the trial court concluded the appellants also had waived any post-election remedy they may have had.

Before any judgment was filed setting out the trial court's decision, appellants, on April 26, 1991, filed a motion for a new trial and clarification of the trial court's letter opinion. On June 7, 1991, the trial court denied appellants' motion and on June 10,

1991, the trial court's order dismissing appellants' complaint was entered. Appellants again filed a new trial motion on June 19, 1991, but the trial court never ruled on this motion. On August 16, 1991, appellants appealed from the trial court's June 10, 1991 order.

Before reaching appellants' points for reversal, we first dispose of appellees' argument that appellants failed to file their notice of appeal in timely fashion. Citing ARCP Rule 59, Ark. R. App. P. 4(c) and this court's decision in *Phillips* v. *Jacobs*, 305 Ark. 365, 807 S.W.2d 923 (1991), appellees argue the appellants should have appealed within the thirty days after the trial court denied appellants' first motion for new trial and clarification of letter opinion. The court's order denying appellants' first motion was entered on June 10, 1991, and appellees assert appellants' time to appeal expired thirty days later at which time the trial court lost jurisdiction in this matter.

■ Appellee's argument ignores the fact that, although appellants had filed an earlier new trial motion, on April 26, 1991, the trial court's actual judgment dismissing appellants' complaint had not yet been filed, and in fact, the judgment or order was not filed until June 10, 1991. Under ARCP Rule 59, appellants had ten days after entry of judgment to file their motion for new trial, which they did on June 19, 1991. Because the trial court neither denied nor granted appellants' new trial motion, the motion was deemed denied on July 19, 1991, or thirty days after appellants' June 19th motion was filed. Appellants then had thirty additional days within which to file their notice of appeal, which they did on August 16, 1991. *See* Ark. R. App. R. 4(b) and (c). Accordingly, we reject appellees' argument on this point and hold we have jurisdiction of this matter on appeal.

Appellants argue on appeal that the trial court erred in denying them a jury trial and ruling they had waived their post-election remedies to challenge the Union Precinct election results. Appellants assert the Union County Board of Election Commissioners failed to keep a record or file an order setting out the boundaries of Union Precinct as § 7-5-101 requires, so they claim no valid election was held in that precinct. Appellants further contend that, if they had a pre-election remedy which would correct the Union Precinct boundary problem, they never

waived it since they only learned of the boundary problem after the election was held. Appellants claim they are at least entitled to a hearing on the question of waiver because, in these circumstances, a question of fact exists for the factfinder to determine if appellants waived a known right or remedy.

■ Appellants concede that none of the legal authority they cite regarding the concept of waiver involves election cases. Nor are we aware of any. Waiver is not the decisive issue in this case. The first well-known election law rule applicable to this dispute is that, before an election, the provisions of election laws are mandatory, and after the election, the provisions are merely directory. *Swanberg* v. *Tart*, 300 Ark. 304, 778 S.W.2d 931 (1989). In the instant case, the appellants or others could have requested before the election that the Union County Circuit Court mandate the Union County Election Commission to comply with § 7-5-101, by filing the necessary order establishing the Union Precinct boundaries. Because the appellants did not seek to remedy the precinct boundary problem until after the election, the requirement of filing an order describing Union Precinct's boundaries became directory, not mandatory. This important rule helps undergird the stability of elections making it more difficult to set aside an election because of an inadvertent or technical violation of an election law provision.

■ A voter, candidate or other interested party might still successfully challenge the results of an election after it is held, but that involves another well-settled election rule. In this respect, this court has held many times that elections will not be invalidated for alleged wrongs committed unless those wrongs were such to render the result doubtful. *Swanberg*, 300 Ark. 304, 778 S.W.2d 931. Put in other terms, we have said that the failure to comply with the letter of the law by election officers, especially in matters over which the voter has no control, and in which no fraud is perpetrated, will not as a general rule render an election void, unless the statute expressly makes it so. In sum, the courts do not favor disfranchising a legal voter because of the misconduct of another person. *See Allen* v. *Rankin*, 269 Ark. 517, 602 S.W.2d 673 (1980).

Appellants here request the 1990 election results in Union Precinct to be set aside because the Union County Board of

Election Commissioners failed to comply with § 7-5-101. That statute does not make noncompliance with it a reason for voiding an election. Nor do the appellants allege the election officials' acts of noncompliance with § 7-5-101 was the result of fraud, caused disfranchisement of any voters, or rendered the election results doubtful.

■ Based upon the parties' pleadings, stipulations, and the authority cited above, we hold the Union County Board of Election Commissioners' failure to comply with § 7-5-101 was merely directory when challenged by the appellants. And because appellants failed to otherwise allege facts necessary to contest and void an election once held, as is necessary by law, it is clearly too late for them to do so now. *Jones* v. *Etheridge*, 242 Ark. 907, 416 S.W.2d 306 (1967).[1] Although based upon different reasons, we agree with the trial court's decision, holding the 1988 local-option election in Union Precinct valid. Therefore, we affirm.

---

[1] We note that appellants contend they are merely requesting a declaration of the law in this case, but as made evident in their complaint or in oral argument in this appeal, appellants clearly seek setting aside the election results in Union Precinct. Appellants' action unquestionably contests the results of the 1990 local option and is, in this respect, controlled by Ark. Code Ann. § 3-8-309 (1987).