Mr. Arlie Walls, Chairman Van Buren County Election Commission c/o Mr. Stephen James P.O. Box 607 Clinton, AR 72031
Dear Mr. Walls:
This is in response to your request for an opinion regarding the printing of ballots for the 1994 General Election. You indicate that due to lack of space, the Van Buren County Board of Election Commissioners printed each of the four city elections in Van Buren County on a separate ballot from the ballot containing the federal, state, and county elections. You state that voters commenced using the ballots (I presume through absentee voting) on October 24, 1994. Specifically, you inquire as to whether placing the city elections on a separate ballot is in violation of A.C.A. § 7-5-208(b) (Repl. 1993) and, if so, whether the error can be remedied.
The situation you describe is, in my opinion, contrary to the law. Arkansas Code Annotated § 7-5-208(b) (Repl. 1993) clearly states: "Each ballot shall be printed on a single sheet of paper with the lowest one inch (1") perforated horizontally and capable of being detached." The statute appears to provide that all issues appear on one ballot and that each voter cast a single ballot. This is further supported by § 7-5-208(h)(1) which states in pertinent part that "[e]very ballot shall contain the name of each candidate who has been nominated or has qualified in accordance with law for each office." Thus, each city election should have appeared on one ballot with the federal, state and county elections. The question of how the ballots should be remedied, however, is not so easily answered.
It should be noted that before an election, the provisions of election laws are mandatory and after the election, the provisions are merely directory. Spikes v. Compton,310 Ark. 431, 837 S.W.2d 459 (1992). Arkansas Code Annotated § 7-5-209
(Repl. 1993) provides for the correction of errors in the printing of ballots upon court order following application of an elector. In addition, some courts have held that the election officers themselves may correct a mistake in the printing of a candidate's name before distributing the ballots. See 29 C.J.S.Elections § 2(e) (1965). Arguably, they could also correct a mistake in the form of the ballot. I am uncertain, however, as to whether these methods of remedying the ballot would apply in the case of absentee ballots already delivered. Such action may run afoul of A.C.A. § 7-5-407(a) (Repl. 1993), which fixes the time by law for furnishing absentee ballots.
It is therefore my opinion that while the board of election commissioners would be within its right to correct the ballots for the upcoming November 8 elections, no such correction could be made with regard to those ballots already distributed to the voters.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB:SLJ/cyh