Lona McCASTLAIN *v.* Barbara ELMORE

99-541                                              10 S.W.3d 835

Supreme Court of Arkansas
Opinion delivered February 10, 2000

*Sloan-Rubens*, by: *Kent J. Rubens*; and *Stuart & McCastlain*, by: *J. Michael Stuart*, for appellant.

*Appellee*, pro se.

ANNABELLE CLINTON IMBER, Justice. This is an election-contest case. On appeal, Lona Horne McCastlain argues that the trial court erred when it dismissed Barbara Elmore's complaint without prejudice. Ms. McCastlain contends that the trial court should have dismissed Ms. Elmore's election contest with prejudice because the statutory time for filing an election-contest complaint had expired. We agree that the complaint should have been dismissed with prejudice, and affirm the trial court's order as modified.

Lona Horne McCastlain and Barbara Elmore were candidates in the 1998 general election for the office of Prosecuting Attorney in the Seventeenth Judicial District (West). On November 13, 1998, the Lonoke County Board of Election commissioners certified the election results and declared Ms. McCastlain the winner by a vote of 6,651 to 6,650, a margin of only one vote. Ms. Elmore filed an election-contest complaint on December 2, 1998, against Lona McCastlain, Myrtle Finch in her official capacity as Lonoke County Clerk, the Lonoke County Board of Election Commissioners and Clayton Shurley, Mickey Stumbaugh, and Jimmie Taylor in their official capacities as Lonoke County Election Commissioners. The complaint signed by Ms. Elmore and her attorneys reflected the following jurat executed by the notary public: "Subscribed and Sworn to before me this 2nd day of December, 1998."

Ms. McCastlain initially asserted that the court was without jurisdiction to hear the matter and moved for dismissal of the complaint pursuant to Ark. R. Civ. P. 12(b)(1). Specifically, Ms. McCastlain alleged that Ms. Elmore failed to timely file an affidavit in which she verified that she believed the statements in her complaint to be true, as required by Ark. Code Ann. § 7-5-801(d) (Repl. 1993), thereby depriving the trial court of subject matter jurisdiction. The trial court held a hearing and ruled that Ms. Elmore's notarized signature and the "statement of verification" quoted above satisfied the affidavit requirement in section 7-5-801(d) and denied Ms. McCastlain's motion to dismiss.

The trial court scheduled the case for trial on May 18, 1999; however, on May 10, 1999, Ms. McCastlain's attorneys were notified by Ms. Elmore's attorneys that she wished to dismiss her complaint. That same day, the attorneys for both parties advised the trial court's case coordinator that Ms. Elmore was dismissing her complaint and that an order of dismissal would be sent to the trial court for its signature. The attorneys also confirmed with the case coordinator that the two days scheduled for trial, May 18 and 19, 1999, were released. Later that day, Ms. McCastlain's attorneys were notified that Ms. Elmore had changed her mind and would not dismiss her complaint. One of Ms. Elmore's attorneys indicated that he would seek the court's permission to withdraw, and her other attorney contacted the trial court's case coordinator about keeping the trial dates previously released. Following a conference call with the attorneys on May 17, 1999, the trial court entered an order on

May 20, 1999, in which it ruled that Ms. Elmore could not withdraw her request for a dismissal or nonsuit. However, the trial court dismissed Ms. Elmore's complaint without prejudice and gave her the option to refile her election contest. Ms. McCastlain now appeals and asserts two grounds: (1) it was error for the trial court to dismiss Ms. Elmore's complaint without prejudice; and (2) it was error for the trial court to deny the motion to dismiss for failure to comply with the affidavit requirement in section 7-5-801(d). Because we find merit in Ms. McCastlain's first assertion of error, we need not address her second argument.

The right to contest an election is purely statutory. *Casey v. Burdine*, 214 Ark. 680, 217 S.W.2d 613 (1949). Because election contests are special proceedings, the rules of civil procedure do not apply. *See* Ark. R. Civ. P. 81(1999); *Womack v. Foster*, 340 Ark. 124, 8 S.W.3d 854 (2000); *Rubens v. Hodges*, 310 Ark. 451, 837 S.W.2d 465 (1992). The provision requiring an election contest to be filed within a certain number of days of the certification is mandatory and jurisdictional. *See Jenkins v. Bogard*, 335 Ark. 334, 980 S.W.2d 270 (1998); *Gay v. Brooks*, 251 Ark. 565, 473 S.W.2d 441 (1971); *Moore v. Childers*, 186 Ark. 563, 54 S.W.2d 409 (1932); *Gower v. Johnson*, 173 Ark. 120, 292 S.W. 382 (1927). We have also held that "[T]he right to contest a[n] ... election is a statutory proceeding, the purpose of which is to furnish a summary remedy and to secure a speedy trial." *Gower v. Johnson*, 173 Ark. at 122, 292 S.W. at 383. In light of the fact that such statutory proceedings are special and summary in nature, the statutory requirements to secure jurisdiction must be strictly observed, and the jurisdictional facts must appear on the face of the proceedings. *Casey v. Burdine, supra.*

The General Assembly has specifically mandated that election-contest proceedings be expedited with abbreviated deadlines for initiating an election contest and appealing a trial court's determination of an election. *See* Ark. Code Ann. § 7-5-801 (Repl. 1993)(twenty-day time period for filing a complaint); Ark. Code Ann. § 7-5-810 (Supp. 1999)(seven-day time period for filing an appeal). Statutory provisions also require the trial courts and the Supreme Court to hear and decide election-contest cases promptly. *See* Ark. Code Ann. § 7-5-804 (Supp. 1999)("It shall be the duty of the Supreme Court to advance the hearing of any such appeal."); Ark. Code Ann. § 7-5-802 (Repl. 1993)(requiring circuit court to "proceed at once" to hear the case, and the case shall be given

"precedence and be speedily determined"). In this regard, we have noted the legislature's mandate for speedy determination and this court's condemnation of "fishing expeditions" in the context of election contests. *See Cartwright v. Carney*, 286 Ark. 121, 690 S.W.2d 716 (1985).

■ Additionally, Arkansas law does not allow an election-contest complaint that was deficient when filed to be later amended and corrected to allege a cause of action after the twenty-day time period for filing the complaint has elapsed. *Cowger & Stewart v. Mathis*, 255 Ark. 511, 501 S.W.2d 212 (1973); *Jones v. Etheridge*, 242 Ark. 907, 416 S.W.2d 306 (1967); *Wheeler v. Jones*, 239 Ark. 455, 390 S.W.2d 129 (1965); *see also, King v. Whitfield*, 339 Ark. 176, 5 S.W.3d 21 (Glaze, J., concurring). Furthermore, where a complaint fails to allege sufficient facts to state a cause of action in an election contest, it may not be subsequently amended by pointing to facts outside the complaint after the time for contesting the election has expired. *King v. Whitfield, supra; Rubens v. Hodges, supra; see also Wheeler v. Jones, supra.* These cases demonstrate a strict adherence to the statutory time constraints articulated for election contests.

■ Finally, we have previously addressed the applicability of the savings statute in the context of an election contest. *Casey v. Burdine, supra.* Pursuant to the savings statute, a claimant may refile an action within one year after taking a nonsuit upon the original action brought within the statutory limitations period. Ark. Code Ann. § 16-56-126 (1987). In *Casey v. Burdine*, we specifically held that the savings statute applies only to actions governed by a general statute of limitations, and not to proceedings, such as election contests, in which the right to file is limited to a very short period:

> Both the continuity of administration, as well as the sanctity of the acts of a person holding office and exercising its powers, require the strict enforcement of a short period for contesting the right to hold the office.

*Casey v. Burdine*, 214 Ark. at 683, 217 S.W.2d at 615. Likewise, the election contest in this case must be governed by our holding in *Casey v. Burdine* because the statutory time limit for filing an election contest is jurisdictional. We also note that the case law cited by Ms. Elmore, *Walton v. Rucker*, 193 Ark. 40, 97 S.W.2d 442 (1936), does not address the applicability of the savings statute to election-

contest proceedings, and is therefore inapposite.[1]

We have also refused to permit nonsuits in analogous special proceedings where the legislature has expressly provided for expedited proceedings. *See In re Adoption of Martindale*, 327 Ark. 685, 940 S.W.2d 491 (1997)(holding that a petition to set aside an adoption decree could not be dismissed without prejudice); and *Screeton v. Crumpler*, 273 Ark. 167, 617 S.W.2d 847 (1981)(holding that a will contestant could not take a nonsuit). In *Screeton v. Crumpler*, we stated:

> The appellant's brief implies that the dismissal should have been without prejudice, but we do not think that procedure . . . was available. A proceeding to probate a will is a special proceeding, not an "action" as that term is ordinarily used. It does not constitute a civil action within [the Arkansas Rules of Civil Procedure], Rules 2 and 3. A will contestant cannot take a nonsuit under Rule 41, because such a contest is not an independent proceeding in itself. It would seriously disrupt the administration and distribution of estates if a will contest could be dismissed, voluntarily or without prejudice, and refiled at some indefinite later date. Hence the dismissal in the probate court was necessarily with prejudice.

*Screeton v. Crumpler*, 273 Ark. at 168, 617 S.W.2d at 848 (citations omitted). While these cases involve probate proceedings, the principles enunciated therein apply equally to election-contest proceedings. If an election contest could be dismissed voluntarily or without prejudice, it would seriously disrupt the administration of government and would effectively subvert the time limitations established by the legislature. We therefore hold that Ms. Elmore's complaint should have been dismissed with prejudice.

Affirmed as modified.

THORNTON, J., not participating.

---

[1] Although not cited by the parties, our decisions in *Spires v. Election Comm'n Union County Ark.*, 302 Ark. 407, 790 S.W.2d 167 (1990) (*Spires I*) and *Spires v. Compton*, 310 Ark. 431, 837 S.W.2d 459 (1992) (*Spires II*) are also inapposite for the same reason.