Mr. Danny H. Maxey, Chairman Pike County Board of Election Commissioners Post Office Box 219 Murfreesboro, AR 71958
Dear Mr. Maxey:
 You have requested my opinion on a question concerning the September 21, 2004, annual school election. You explain that two vacancies on the Delight School District Board of Directors were filled by appointment prior to the election. Although you have not identified the applicable Code section, I assume the appointments were made pursuant to A.C.A. § 6-13-611 (Repl. 1999), which provides in relevant part as follows:
 a) If a vacancy occurs on the school district board of directors, the vacancy shall be filled by a majority vote of the remaining directors.
* * *
 (c) All appointed directors shall serve only to the next annual school election, at which time the electors shall select in the usual manner directors to serve the unexpired terms of the vacating directors
You further state that the two positions that had been vacated were unopposed on the school election ballot and that through some oversight the ballot mistakenly listed a 5-year term for these positions.[1] This was contrary to A.C.A. § 6-13-611(c), supra, which provides that directors who are elected after the occurrence of a vacancy "serve the unexpired terms of the vacating directors."
You have presented the following two-part question in this regard:
 Although the ballot read 5 year terms, will this in actuality be the time remaining on the unfulfilled term? Does this error have any impact on the legality or the validity of the election?
RESPONSE
The answer to the first part of this question is "yes," in my opinion. That is, the persons elected to fill these positions will fill out the unexpired terms of the vacating directors. It is my opinion that the answer to the second part is "no."
With regard, first, to the term of office of those elected to the school director position, I believe it is clear that the term is governed by A.C.A. § 6-13-611(c), which as noted above provides that directors who are elected after the occurrence of a vacancy "serve the unexpired terms of the vacating directors." This is not altered by the ballot's mistaken reference to a 5-year term. The board of election commissioners clearly performs a ministerial function in preparing and furnishing the ballots pursuant to A.C.A. § 6-14-111.[2] Accord State v. Craighead County Boardof Election Commissioners, 300 Ark. 405, 779 S.W.2d 169 (1989). Accordingly, it is my opinion that the election commission lacks the power to change the term of office of those who are elected to the school board after there has been a vacancy.
Regarding the impact of this error on the election, it is my opinion that the election will stand because the error is not such as to render the outcome of the election uncertain. An election contest in Arkansas can be one of two types. Either a candidate seeks an order declaring himself or herself the winner, or a qualified voter seeks to void the election. Seegenerally King v. Davis, 324 Ark. 253, 256, 920 S.W.2d 488 (1996). Your question implicates the second type. In this regard, it is clear from a review of the case law that the Arkansas Supreme Court, in its own words, "has a long history of plainly expressing its reluctance to void an election." Whitley v. Cranford, ___ Ark. ___, 119 S.W.3d 28 (2003). The court has noted that there are "narrow limits that must be followed in exercising the power to void an election." Alexander v. Davis,346 Ark. 310, 315, 58 S.W.3d 330 (2001). The case law was summarized as follows in Spires v. Compton, 310 Ark. 431, 434, 837 S.W.2d 459 (1992):
 This court has held many times that elections will not be invalidated for alleged wrongs committed unless those wrongs were such to render the result doubtful. Swanberg, 300 Ark. 304, 778 S.W.2d 931. Put in other terms, we have said that the failure to comply with the letter of the law by election officers, especially in matters over which the voter has no control, and in which no fraud is perpetrated, will not as a general rule render an election void, unless the statute expressly makes it so.
See also Lewelling v. Mansfield School Dist., 240 Ark. 237, 244,398 S.W.2d 665 (1966) (stating that "[i]n order to destroy the result of an election it must be shown that wrongs against the freedom of election have prevailed, not slightly and in individual cases, but generally and to the extent to rendering the result doubtful.")
Turning to the particular error in this instance, it is my opinion that the ballot's mistaken reference to a 5-year term is wholly insufficient as a basis for challenging the validity of the election. There is no requirement that the ballot reflect the term of office, which as noted above is established and governed by law. Clearly, therefore, the electors were not voting on the length of the term. It cannot reasonably be contended under these circumstances that the outcome of the election is uncertain as a result of this error. Consequently, it is my opinion that the error has no impact on the legality or validity of the election.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] It is unclear from your question whether the unopposed candidates for these two positions were the two who were appointed to fill the vacancies. This is irrelevant to your question in any event, however, as there is no prohibition against the appointees running for these positions. See generally Glover v. Henry, 231 Ark. 111, 328 S.W.2d 382
(1959) (holding that a school district board member is not an "officer" under Ark. Const. amend. 29, which prohibits those appointed to fill vacancies in certain offices from succeeding themselves).
[2] The county board of election commissioners has the duty to "prepare and furnish ballots and all other necessary supplies for the annual school election" pursuant to A.C.A. § 6-14-11(a) (Supp. 2003); and the board "shall place on the ballots as candidates for school district director names of any qualified voters whose names have been filed and verified by the county clerk." Id. at subsection (b).