## WINN *v.* DODGE.

### Opinion delivered March 14, 1927.

1. PROHIBITION—QUESTION RAISED.—The correctness of the court's finding, in a suit to quiet title, that the plaintiff therein was the owner of the land from which it cut timber, is not open to review in a proceeding by defendants for a writ of prohibition against the entry of a decree quieting plaintiff's title.

2. PROHIBITION—PETITION FOR REMOVAL.—Filing of a petition and bond by defendants for removal of a cause of action to the Federal court on the same day that they filed a petition for prohibition in the Supreme Court will not be considered, both because it was filed too late and because they are asking affirmative relief in the Supreme Court.

3. JUDGES—AUTHORITY TO ENTER DECREE RENDERED BY PREDECESSOR. —A chancellor has authority to order a decree rendered by his predecessor to be entered of record as of the date of rendition, and he will not be required to retry the case *de novo.*

4. PROHIBITION—DOES NOT LIE WHEN.—Prohibition does not lie to prevent a chancellor from entering a decree rendered by his predecessor; the remedy of the petitioners being by appeal if the decree is erroneous.

Prohibition to Pulaski Chancery Court; *Frank H. Dodge,* Chancellor; writ denied.

*Oscar H. Winn,* for appellant.

*Sam T. & Tom Poe,* for appellee.

SMITH, J. Petitioners seek a writ of prohibition commanding the respondent, as chancellor of the Pulaski Chancery Court, to refrain from entering a decree in a cause pending in that court. The F. Burkhardt Manufacturing Company was plaintiff in that cause, and petitioners here were defendants there. The cause was filed May 19, 1925, and was heard by the Honorable John E. Martineau, the duly qualified and acting chancellor, on oral testimony, on November 9, 1926. The chancellor reserved his decision, and asked counsel for the respective parties to prepare and file briefs. The briefs were prepared and submitted to the court.

On January 10, 1927, the chancellor handed down his decision, and directed that a decree be prepared by counsel for the plaintiff quieting the title of the plaintiff to the land in controversy. The defendants had filed an answer and cross-complaint, in which they claimed title to the land in question, and prayed that they be awarded damages for the value of certain timber cut on the land in litigation by the plaintiff company. The chancellor directed that, when the decree was approved as to form by counsel for the defendants, it should then be submitted to him for approval.

Counsel for plaintiff prepared a decree in accordance with the findings of the chancellor, and, on January 12, 1927, submitted it to the attorneys for defendants, who declined to approve it. The decree as prepared by counsel was filed with the clerk of the chancery court on January 17, 1927.

On January 22, 1927, while the court was legally in session, it was ordered that the decree be entered of record, and that it be entered as of the date of its rendition, to-wit, January 10, 1927. Before the order of January 22, 1927, was made, the decree was approved by Governor Martineau, but this was done after he had vacated the office of chancellor by becoming Governor.

Chancellor Martineau was sworn in about 1:30 P. M. on January 11, 1927, as Governor of the State of Arkansas, and, on the same day, appointed Frank H. Dodge as his successor as chancellor.

On January 20, 1927, petitioners filed in this court a petition for an order prohibiting the Honorable Frank H. Dodge, as chancellor, from entering upon the records of that court the purported decree without giving petitioners a full hearing upon the merits of the cause.

It was insisted in the oral argument in support of the petition that Chancellor Dodge should have heard the cause *de novo* to ascertain what decree should, in fact, be entered, and that included in this hearing should be the claim of the defendants, petitioners here, for damages for the timber.cut by the plaintiff company from the land in controversy.

Petitioners insist that, as Chancellor Martineau had not approved the decree entered, it was not his decree, and that, as Chancellor Dodge had not heard the cause, he could not know what decree should be entered. Petitioners therefore urge that the cause has not been determined, and that there is no final decree from which they can appeal, and that they are without remedy unless, by prohibition, Chancellor Dodge is restrained from entering the decree which was not approved as to form by Chancellor Martineau while occupying the office of chancellor.

On the same day on which petitioners filed their petition in this court for a writ of prohibition they also filed in the chancery court a petition and bond for the removal of the cause to the Federal court.

It is true, as argued by petitioners, that the court below did not find the quantity of timber and the value thereof cut by the plaintiff, F. Burkhart Manufacturing Company, but that fact is unimportant and that finding was unnecessary, for the reason that the court found that the plaintiff company was the owner of. the land from which the timber was cut, and, upon that finding, rendered a decree quieting the plaintiff's title. The cor-

rectness of that finding is not open to review in the present proceeding. The fact that petitioners have filed petition and bond for the removal of the cause to the Federal court is also unimportant, for the reason that it was not filed in time. Moreover, petitioners are asking affirmative relief at the hands of this court.

It is true, of course, as petitioners here insist, that Chancellor Martineau ceased to be chancellor when he became Governor, and that he thereafter had no right to make any order as chancellor. But he has not attempted to do this. The order directing the entry of the decree rendered by Chancellor Martineau was made by his successor in office after his successor had qualified and was acting as such.

It is not questioned that Governor Martineau was the chancellor on January 10, 1927, nor is it questioned that he had jurisdiction as such to render the decree which was later entered as having been rendered on January 10, 1927. Chancellor Dodge determined only what decree had been previously rendered, and, when he determined that fact, he ordered its entry as of the date of its rendition. There can be no question about his jurisdiction to do this.

Chancellor Dodge might, as petitioners insist (the term of the court not having expired) have reopened the entire cause and have heard it *de novo,* just as Chancellor Martineau might have done had he remained in that office, but Chancellor Dodge could not be required to reopen and rehear the cause, inasmuch as a final decree had been rendered by his predecessor. The fact that the decree had not been spread upon the records of the chancery court did not make it necessary for Chancellor Dodge to again try the cause. Petitioners are not entitled to a second trial of the cause on its merits.

It was clearly within the jurisdiction of Chancellor Dodge to determine merely whether a final decree had been rendered, and, if so, what it was, and to order its entry. This he did, and this he had the right to do.

In the case of *Monette Road Imp. Dist.* v. *Dudley,* 144 Ark. 169, 222 S. W. 59, it was held that the writ of prohibition lies where an inferior court has proceeded in a matter beyond its jurisdiction, and where the remedy by appeal, though available, is inadequate. Here, however, the chancery court did not proceed beyond its jurisdiction, and petitioners have a remedy by appeal if the decree entered was erroneous, and, for both these reasons, the petition for prohibition will be denied.