HYDER v. NEWCOMB.

5-2525                                                352 S. W. 2d 826

Opinion delivered January 15, 1962.

*J. B. Milham* and *Gladys M. Cummins,* for appellant.

*Fred E. Briner,* for appellee.

NEILL BOHLINGER, Associate Justice. This cause was initiated by appellee, Inez Newcomb, in the Saline Chancery Court against appellant, Evelyn Glenn Hyder, to require the appellant to perform a verbal agreement for the sale of certain lands in Saline County. The case was presented to the Chancellor, Judge F. D. Goza, on August 25, 1960.

At the close of the testimony, the chancellor made a statement and finding of fact. The finding was dictated at that time to the court reporter and was a finding in favor of the appellee and ordered the appellant to execute a deed to the land in question upon the payment to her of the sum of money that had been agreed upon.

Judge Goza died on September 7, 1960 without having signed a decree based upon his finding and pronouncement and subsequently Judge Ted Donham was appointed to succeed him. Thereafter, on November 29, 1960, there was presented to Chancellor Donham the formal decree based on the finding of Judge Goza which Judge Donham signed and it was duly entered of record. Neither the appellant nor her attorneys were present at that time and no notice of the entry of this decree was given them until January 4, 1961, more than thirty days after it had been entered of record. On January 6, 1961 the appellant filed her motion to vacate the decree and set the cause for a hearing on the merits, which motion was denied by the chancery judge and the appellant prosecutes this appeal from the adverse ruling on that motion and for a reversal thereof relies upon these points:

That Chancellor Donham was without legal authority to render a decree and enter it since the case was heard by another chancellor and that the decree entered is void because no notice was given appellant of the entry of that decree and that there was no evidence upon which

the newly appointed chancellor could base a decree **and** that the decree, as entered, includes lands that the defendant does not and did not own on the date of the alleged agreement to sell.

When the case was presented before Judge Goza it was, so far as the record before us indicates, completely developed and the finding of Judge Goza goes to all points in controversy and was, in effect, a judgment or decree actually rendered. The fact that the signed decree did not find its way immediately into written court record does not prevent it from being what **it purports to be,** ''a statement and finding of fact.'' The issues as between the parties had been resolved in that finding. The decree was subsequently presented to Judge Donham, the successor of Judge Goza, who signed it and caused it to be entered of record. This Judge Donham had the authority to do. When the matter was presented to Judge Donham, two courses were open to him. He could have reopened the case, reheard it and made a finding just as Judge Goza might have done had he lived and the matter been subsequently presented to him. Judge Donham elected to accept the finding of Judge Goza and signed the decree.

A similar situation was before this court in the case of *Winn* v. *Dodge,* 173 Ark. 73, 291 S. W. 992, which states the contention of appellee:

''Chancellor Dodge might, as petitioners insist have reopened the entire cause and have heard it *de novo,* just as Chancellor Martineau might have done had he remained in that office, but Chancellor Dodge could not be required to reopen and rehear the cause, inasmuch as a final decree had been rendered by his predecessor. The fact that the decree had not been spread upon the records of the chancery court did not make it necessary for Chancellor Dodge to again try the cause. Petitioners are not entitled to a second trial of the cause on its merits.''

However, the law in this case is limited in its application here. In the *Winn-Dodge* case the decree had been

prepared and was submitted to opposing counsel who declined to approve it and the attorneys for the defendant in that case were fully apprised of the preparation of the decree and the filing of it with the clerk and were thus in a position to take any necessary action.

Not so with the case at bar for it is apparent that the appellant had no notice of the entry of the decree. Though the chancellor had the power to enter the decree based upon the findings of fact of his predecessor, we feel that the appellant should have been apprised of the entry of the decree.

In *American Mortgage Company* v. *Williams*, 103 Ark. 484, 145 S. W. 234, we have a case in which the decree was rendered during a term of the court but was not entered until after the term. The plaintiff, Williams, contended that because the decree [which foreclosed the mortgage and cut off Williams' equity of redemption] was not entered during term time it was of no effect. This court in that case, in denying Williams' contention, placed importance on the fact that Williams knew of the rendering of the decree and was *notified of the entry of the decree and afforded the opportunity of approving it as to form.*

The appellant in the instant case had thirty days to appeal from the entry of a decree, the entry of which was unknown to her and did not come to her attention until after the time for her appeal had expired. Since the appellant was not notified of the entry of the decree and thereby lost her right of appeal through no fault of her own, we will treat her appeal from the denial of a motion to vacate the decree as a petition for Writ of Certiorari.

In *Merchants & Planters Bank* v. *Fitzgerald*, 61 Ark. 605, 33 S. W. 1064, Judge Battle explained the use of Certiorari in these words:

"According to the well settled practice in this state the writ of certiorari can be used by the circuit court in the exercise of its appellate power and superintending

control over inferior courts in the following classes of cases: (1) Where the tribunal to which it is issued has exceeded its jurisdiction; (2) *where the party applying for it had the right of appeal, but lost it through no fault of his own;* and (3) in cases where it has superintending control over a tribunal which has proceeded illegally, and no other mode has been provided for directly reviewing its proceedings." [Emphasis ours, citations omitted.]

See also: *Hall* v. *Bledsoe,* 126 Ark. 125, 189 S. W. 1041; *McCain* v. *Collins,* 204 Ark. 521, 164 S. W. 2d 448.

In *Burgett* v. *Apperson,* 52 Ark. 213, 12 S. W. 559, it is stated:

"The writ is granted in two classes of cases, first: Where it is shown that the inferior tribunal has exceeded its jurisdiction; and, second, where it appears that it has proceeded illegally and no appeal will lie, *or that the right has been unavoidably lost."* [Emphasis ours, citations omitted.]

Treating this appeal as a petition for certiorari, it falls well within the cases cited *supra* and the petition for certiorari is hereby granted and the appellant is given sixty days to prepare and lodge with this court the entire record in this case when it will be submitted with briefs on its merits.

The appellant will recover her costs of this appeal.