Betty SPIRES, d/b/a Betty's Liquor and Cynthia S. Buckwalter, d/b/a C & D Grocery *v.* MEMBERS OF THE ELECTION COMMISSION of Union County, Arkansas, Et Al.

89-281                                              790 S.W.2d 167

Supreme Court of Arkansas
Opinion delivered June 4, 1990

*Shackleford, Shackleford & Phillips, P.A.*, for appellants.

*Tom Wynne*, Prosecuting Attorney for Thirteenth Judicial Circuit Court, for appellees.

ROBERT H. DUDLEY, Justice. Appellants, Betty Spires and Cynthia Buckwalter, liquor store owners, filed a complaint alleging that a local option election was invalid. Appellees, members of the county election commission, filed a motion to dismiss because: (1) the complaint failed to state facts upon which relief could be granted, and (2) the court lacked jurisdiction because the complaint was filed outside the time limit for challenging a local option election. The trial court granted the motion to dismiss on the second basis, lack of jurisdiction to hear the complaint because it was not filed in time. The trial court reached the right result.

Appellants argue that this case should not be reviewed as an election contest, but, instead as a suit for declaratory judgment. The reason for the argument is if this is not an election contest, they would not be subject to the shorter period of limitation. While the relief prayed, "that the election . . . be declared null and void," indicates it is an election contest, it is an issue which we do not reach because the complaint failed to state facts upon which relief can be granted.

The complaint recites that a local option election was held in Union precinct, and that, as a result, the area has been declared dry. The only allegation of irregularity in the election is that the "election is invalid as there is no duly established precinct known as Union Precinct in existence as required by Ark. Code Ann. § 7-5-101." This allegation is a conclusion of law and not a statement of facts upon which relief can be granted.

ARCP Rule 12(b)(6) provides for the dismissal of a complaint for "failure to state facts upon which relief can be granted." Rule 12(b)(6), which provides for the testing of the complaint, must be read in conjunction with Rule 8, which sets out the requirements of a complaint. Rule 8 provides: "[A] complaint . . . shall contain . . . (1) a statement in ordinary and concise language of facts showing that the pleader is entitled to relief."

■ This complaint states the conclusion that a district was not established as required by Ark. Code Ann. § 7-5-101 (1987). It does not state whether the alleged deficiency is a failure of the county board of election commissioners to keep records as required by the statute, or a failure to accurately describe the boundaries, or a failure to file a copy of the order with the county clerk, or a failure to give notice of a change in boundaries, or when such irregularities occurred, or whether elections previously have been held in the precinct. Thus, it cannot be determined from the complaint whether appellants had a pre-election remedy, and waived it, and then, after losing the election, sought this post-election remedy. If that should be the case, as was strongly suggested in the oral argument, appellees may have waived their right to contest the election. Because the complaint does not meet the ARCP Rule 12(b)(6) test, and the trial court could not determine the factual basis of the complaint, the trial court should never have reached the issue of the time limitation for contesting the election. Still, the complaint was correctly dismissed.

Appellants also allege that their rights to due process and equal protection were denied. The allegation is:

> To the extent that Act No. 108 of the Arkansas Acts of 1935 or Initiated Measure No. 1 of the Initiated Measures of 1942 apply to this case, the same violate plaintiffs' rights to due process and equal protection under the law, and are invalid as applied to plaintiffs under Article 2, Sections 3 and 8 of the Arkansas State Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

The foregoing averment likewise does not contain a statement of facts in ordinary and concise language which shows that the pleaders are entitled to relief.

■ Further, it would have been error for the trial court to have heard the allegation of the unconstitutionality of the acts without notice being given the Attorney General. Ark. Code Ann. § 16-111-106(b) (1987); *City of Little Rock* v. *Cash*, 277 Ark. 494, 644 S.W.2d 229 (1982), *cert. denied* 462 U.S. 1111 (1983).

■ The dismissal in this case should have been for failure to

state facts upon which relief could be granted and should have been without prejudice. However, it was dismissed on a different basis, and the dismissal was with prejudice. Accordingly, as is our practice in such cases, we affirm the result but modify to the extent the dismissal is without prejudice. *Ratliff v. Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984).

Affirmed as modified.

GLAZE, J., concurring in part and dissenting in part.

TOM GLAZE, Justice, concurring in part and dissenting in part. In reaching the result it does, the majority court ignores the election cases that control the sole issue involved in this litigation. Simply put, appellants claim "Union Precinct" was invalid because that precinct was never formally established; therefore, the election results voting that precinct "dry", were null and void. This court, in *Goodall v. Adams*, 277 Ark. 261, 640 S.W.2d 803 (1982), answered this precinct validity issue. There, citizens successfully filed a petition seeking a wet-dry election in Wilborne West Precinct; opponents argued that the precinct was not formally established under Ark. Stat. Ann. § 3-601 (Repl. 1976) [now Ark. Code Ann. § 7-5-101 (1987)], so the local option election in the precinct could not be valid. This court disagreed, stating the following:

> The precinct in question has existed in fact through at least three elections. Its boundaries are not questioned by anyone. It has been recognized by the election officials and voters as a valid precinct and the only question of legal insufficiency is the lack of a formal order. As the trial court observed, such an order could be entered at any time. It is a mere technicality.

Here, appellants, in oral argument and in their brief, conceded that, while the county board of election commissioners had not formally entered into the record the boundaries of Union Precinct as required by § 7-5-101, Union Precinct had been recognized and used in three prior elections over a period of six years. Accordingly, Union Precinct and its election results were not invalid under the rationale and holding of *Goodall.*

Another reason exists why appellants should not prevail in

their argument. In *Swanberg* v. *Tart*, 300 Ark. 304, 778 S.W.2d 931 (1989), we applied the well-settled rule that before an election, the provisions of election laws are mandatory, and after the election, the provisions are merely directory. In the instant case, the appellants failed to question prior to the election the county election commissioners' failure to comply with the formal requirements when establishing Union Precinct under § 7-5-101(c). Because appellants waited until after the election to challenge Union Precinct's validity, the requirements in § 7-5-101(c) were only directory. In other words, the filing or recording of the Union Precinct boundaries in accordance with § 7-5-101(c) was no longer mandatory after the election was held and the failure to comply with § 7-5-101(c) could not be used to invalidate an election. Appellants simply had no cause of action cognizable under Arkansas's post-election contest procedures. Instead, appellants' remedy was to seek their relief before, not after, the election.

The foregoing case law resolves the primary issue on appeal, and accordingly, the trial court's dismissal of the appellants' complaint should be affirmed without modification. The majority opinion notes that the appellants also alleged certain constitutional claims. Basically, they argue that Arkansas's law, which provides for a ten-day time limit for filing election contests in local option elections, is so restrictive that it virtually denied them due process and equal protection under the law. Again, this constitutional challenge should have been initiated prior to the election rather than to raise it after the appellants learned they had lost the election and decided to invoke such a constitutional claim under the guise of a post-election contest proceeding.

Appellants could have raised their constitutional argument when the citizens, who sought the local option election, filed their petitions with the county clerk. *See* Ark. Code Ann. § 3-8-204 (1987). Union Precinct had been used in prior elections, and if appellants had obtained legal counsel when these petitions were first filed, they could have timely and properly raised the issues they now belatedly raise after the election results were certified.

In sum, appellants had ample opportunity to be heard on these matters prior to the election, but failed to avail themselves of that opportunity. Once an election is held and its votes are

canvassed and certified, those results should not be so easily challenged and set aside. That is the reason Arkansas case law limits those matters that can be raised in election contest proceedings and requires parties to seek relief prior to the holding of the election. Here, appellants failed to bring a timely suit and their claims were justifiably denied.[1] Under these circumstances, this court's decision should end this litigation, and the majority opinion is wrong in leading the appellants to believe they still may have a viable cause of action.

HAYS, J., joins.

---

[1] The trial court actually dismissed the appellants' suit because they failed to file their election contest within the ten-day period required under Ark. Code Ann. § 3-8-309 (1987). While I disagree with the reason for its dismissal, I would still affirm its dismissal with prejudice for the reasons set out in my opinion.