Issac McKINNEY, David S. Wilkins, D.A. Ellison, Jerry D. Drummond, Torrance L. Thompson, on Behalf of Themselves and All Persons Similarly Situated *v.* CITY OF EL DORADO

91-256                                    824 S.W.2d 826

Supreme Court of Arkansas
Opinion delivered February 10, 1992
[Supplemental Opinion on Denial of Rehearing March 2, 1992.*]

*Holt, C.J., not participating.

*Anthony J. Sherman* and *Timothy Davis Fox*, for appellants.

*Henry C. Kinslow*, for appellee.

Tom Glaze, Justice. Appellants filed this action as an illegal exaction suit against appellee. Appellants assert that they, and the class they represent, have been illegally assessed fees and costs by appellee's municipal court and should be entitled (1) to retaxation of costs under Ark. Code Ann. § 16-68-409 (1987), (2) to damages for the violation of their due process rights and (3) for an injunction to prevent further illegal activities. Appellee moved to dismiss under ARCP Rule 12(b)(6), and also answered denying appellants' claims. The trial court dismissed appellants' complaint, but did so for want of equity, stating appellants had an adequate and complete remedy at law. Our primary concern in this appeal is to decide whether the trial court was correct in holding it had no jurisdiction.

Jurisdiction must be determined entirely from the pleadings, and if jurisdiction is not established by the pleadings, the court is not to proceed further. *Department of Human*

*Services* v. *Crunkleton*, 303 Ark. 21, 791 S.W.2d 704 (1990). Because jurisdiction is determined by a review of the pleadings, we first look to the settled rule that a complaint must allege facts that state a prima facie cause of action, and that such a cause cannot be stated by using conclusory allegations. *Howard* v. *Craighead County Court*, 278 Ark. 117, 644 S.W.2d 256 (1983). Under Rule 12(b)(6), a party's pleading may be dismissed for failure to state facts upon which relief can be granted. *Spires* v. *Members of the Election Commission*, 302 Ark. 407, 790 S.W.2d 167 (1990); *Ratliff* v. *Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984).

As previously mentioned, appellants bring this action as an illegal exaction, and as their primary premise for doing so, they cite the case of *Parker* v. *Lewis*, 249 Ark. 632, 460 S.W.2d 337 (1970). There, they say, this court addressed the specific issue of assessment of unauthorized and illegal court costs in criminal actions as a form of an illegal exaction. In *Parker*, the taxpayer brought suit to require the deputy prosecuting attorney to account for some $7,000 in fees alleged to be illegal. The illegal fees were shown to have resulted from a practice initiated by a circuit judge who required defendants in criminal cases to make certain cash payments as a condition in some instances to obtaining suspended sentences and in others to obtaining a dismissal of the charges. It was also shown that, if a defendant failed to make the payment, he or she would either stand trial or be sentenced to the penitentiary. The *Parker* court held that in such instances not only was there no sentence being suspended, but also the exaction was contrary to the rule of law stated in *Thomas* v. *State*, 243 Ark. 147, 418 S.W.2d 792 (1967), to the effect that an order assessing court costs against the defendant upon dismissal of the indictment is void and a denial of due process of law. *Parker*, 249 Ark. at 637, 460 S.W.2d at 339.

Viewed in the light most favorable to the appellants, *McAllester* v. *Forrest City St. Imp. Dist., No. 11*, 274 Ark. 372, 626 S.W.2d 194 (1981), we are unable to conclude their complaint alleges sufficient facts upon which the relief they seek can be granted. Particularly, their complaint fails to reflect facts to establish an illegal exaction action. Suffice it to say, such an action is cognizable in chancery court when a party's pleadings sufficiently establish it.

Appellants' complaint is quite lengthy, but their allegations are conclusory in nature, claiming they have been illegally assessed fees and costs by appellee's municipal court which had no statutory or legal authority to assess them. The complaint further lists numerous acts and statutes that the appellants allege the municipal court improperly applied when making the assessments, but it fails to set out how the court misapplied these laws.[1] Appellants certainly fall short of describing facts such as the ones in *Parker*. Nor do the appellants allege the foregoing acts and statutes themselves to be illegal.

Arkansas does not follow the federal rule which allows "notice pleading;" instead, our rule, ARCP Rule 8(a), requires what we have already stated above, i.e., a statement of facts showing the pleader is entitled to relief. *Treat* v. *Kreutzer*, 290 Ark. 532, 720 S.W.2d 716 (1986). Even when reviewing the appellants' argument made below in response to the appellee's Rule 12(b)(6) motion, appellants merely summarized its complaint to say they were (1) charged with traffic violations by appellee's municipal court, (2) assessed improperly with fees and costs under certain statutes and (3) were made to pay such fees and costs under "the threat or actual deprivation of their liberty."

We note that the illegal exaction remedy is afforded in equity to taxpayers to prevent the misapplication of public funds, *Samples* v. *Grady*, 207 Ark. 724, 182 S.W.2d 875 (1944), and any illegal tax or exaction. *McCarroll* v. *Gregory-Robinson-Speas, Inc.*, 198 Ark. 235, 129 S.W.2d 254 (1939); *see generally* C. Garner, *Taxpayers' Suits to Prevent Illegal Exactions in Arkansas*, 8 Ark. L. Rev. 129 (1954); *see also Taber* v. *Pledger*, 302 Ark. 484, 791 S.W.2d 361 (1990), and *Starnes* v. *Sadler*, 237 Ark. 325, 372 S.W.2d 585 (1963).

On the other hand, our decisions do not support the theory

---

[1] At one point, the appellants seem to assert that they were assessed fines and costs for traffic violations when the statutory authority was limited to crimes. Instead, appellants set out in their complaint various laws that impose fees for felonies, misdemeanors and traffic violations and never mention which ones were applied (or how they were applied) in their situations. Also, a number of the laws set out by appellants refer to fees in misdemeanor cases which is clearly the category under which traffic offenses fall. *See* Ark. Code Ann. § 27-49-104. To further confuse the matter, appellants refer to members of a subclass without factually describing how they differ from the appellants.

that a flaw in the assessment or collection procedure, no matter how serious from the taxpayers' point of view, makes the exaction itself illegal. *Schuman* v. *Ouachita County*, 218 Ark. 46, 234 S.W.2d 42 (1950). Our point in setting out these examples reflecting when illegal exaction actions have been sustained and rejected is to illustrate the difficulty in deciding such an issue in view of the few facts alleged in the appellants' complaint before us in this appeal.

██ In short, to decide the issue of whether appellants have alleged sufficient facts to state a claim for any illegal exaction is to resolve, as well, the question on whether the chancellor had jurisdiction to award the relief requested. Because appellants' complaint fails to set out the factual basis upon which their claim for relief can be granted, we are unable to reach the jurisdiction issue raised by the chancellor's dismissal on that basis. Instead, we affirm the chancery court's dismissal because appellants fail to meet the requirements of ARCP Rule 12(b)(6), but the dismissal is without prejudice. *Spires*, 302 Ark. 407, 410, 790 S.W.2d 167, 169 (1990).

In conclusion, we mention that, besides appellants' illegal exaction argument, appellants offer other reasons they believe the chancery court in this case should have retained jurisdiction. Briefly stated, they argue the chancery court could take jurisdiction to avoid a multiplicity of suits, to award attorneys' fees and an injunction, to apply a longer statute of limitations which is not otherwise available, and to permit an estoppel defense. As now presented, we see little merit in such contentions, but like appellants' combined illegal exaction/equity jurisdiction argument, we simply hold the trial court's dismissal of appellants' complaint was proper under Rule 12(b)(6) and consider appellants' other arguments premature at this stage.

For the above reasons, we affirm the lower court's dismissal of appellants' complaint, but do so without prejudice.

HOLT, C.J., not participating.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
MARCH 2, 1992

*Anthony J. Sherman* and *Timothy Davis Fox*, for appellants.

*Henry C. Kinslow*, for appellee.

TOM GLAZE, Justice. In their petition for rehearing, appellants better explain their legal theory for claiming refunds as illegal exactions. Simply put, they argue criminal offenses are now defined as felonies, misdemeanors and violations. *See* Ark. Code Ann. § 5-1-105 (1987). While certain traffic offenses remain misdemeanors, *see* Ark. Code Ann. §§ 27-50-302 and 303 (1987), other particular traffic offenses, *e.g.,* failure to yield, running a stop sign, are merely designated violations as provided under Ark. Code Ann. § 5-1-108 (1987). Appellants contend court costs statutorily authorized only in misdemeanor cases have been illegally imposed by appellee against appellants when they committed violation-traffic offenses rather than misdemeanor-traffic offenses.

Appellants now argue this court's reference in footnote 1 of its opinion to Ark. Code Ann. § 27-49-104 (1987) is wrong because that statute was superseded by §§ 27-50-302 and 303. Section 27-49-104 has not been specifically repealed, but whether or not it has been affected by any of the other above-cited provisions is not the controlling issue in this appeal. We do, however, point out that, in their original briefs, appellants never argued or discussed the foregoing statutory provisions, much less the effect, if any, the passage of each provision has on the others. But more important, they failed to set out facts that specifically reflect the traffic offense they committed or the sentences that were imposed. The importance in setting out such *factual* allegations bears not only on whether appellants' complaint stated a cause of action, but also on whether appellants have standing to assert such a cause. None of the paragraphs in appellants' complaint adequately set out facts showing either standing or entitlement to relief.

Appellee correctly rejoins appellants' petition by stating the arguments now made by appellants can best be addressed in a new complaint if they chose to file one. Accordingly, we deny appellants' request for a rehearing.

HOLT, C.J., not participating.