Jeff J. VACHON, On Behalf of Himself and All Persons
Similarly Situated *v.* CITY OF FORT SMITH

91-216 826 S.W.2d 277

Supreme Court of Arkansas
Opinion delivered March 23, 1992

*Anthony J. Sherman* and *Timothy Davis Fox*, for
appellants.

*Dailey, West, Core, Coffman, & Canfield*, by: *Wyman R.
Wade, Jr.*, for appellee.

ROBERT H. DUDLEY, Justice. Appellant was charged with
and convicted of three moving traffic violations in the Municipal
Court of Fort Smith. Fines were imposed. He paid the fines and
court costs to the Clerk of the Municipal Court and subsequently
filed this suit in chancery court. He alleged that the City of Fort
Smith illegally exacted court costs from him and violated his right
to due process. He sought to have the suit declared a class action
and asked for attorney's fees under 42 U.S.C. § 1988 (1988) and
Ark. Code Ann. § 26-35-902 (1987). The chancellor dismissed
the suit because of a lack of jurisdiction. We affirm the dismissal
of the action, but do so without prejudice.

Appellant's theory of his "illegal exaction" count, his princi-
pal basis for chancery jurisdiction, is derived from the fact that
criminal offenses are now defined as either felonies, misdemean-

ors, or violations, *see* Ark. Code Ann. § 5-1-105 (1987), and while some traffic offenses continued to be "misdemeanors," others are designated only as "violations" under Ark. Code Ann. § 5-1-108 (1987). The City therefore wrongfully collected "misdemeanor" costs from him because he was only guilty of "violations." As stated, the chancellor dismissed the suit for a lack of jurisdiction.

██ Jurisdiction must be determined entirely from the pleadings, and if jurisdiction is not established by the pleadings, the court is not to proceed further. *Department of Human Services* v. *Crunkleton*, 303 Ark. 21, 791 S.W.2d 704 (1990). The complaint in this case is similar to the complaint filed in *McKinney* v. *City of El Dorado*, 308 Ark. 284, 824 S.W.2d 826 (1992), and supplemental opinion, 308 Ark. 288-A, 824 S.W.2d 826 at 828 (1992). In this suit, just as in *McKinney* v. *City of El Dorado*, the complaint, while lengthy, is conclusory in nature and neither sets out the itemized costs charged to appellant nor sets out the statutory costs which appellant contends were wrongfully collected. Just as in *McKinney* v. *City of El Dorado*, we cannot decide the issue of jurisdiction until the appellant alleges the specific facts upon which he bases his claims and, accordingly, we affirm the chancery court's dismissal but do so because of appellant's failure to meet the requirements of A.R.C.P. Rule 12(b)(6), and thus the dismissal is without prejudice.

Affirmed as modified.