Barbara KING, Robert Griffin, Marvin Jarrett, and the Phillips
County Election Commission *v.* Geraldine R. DAVIS and
Arlanda Jacobs

96-60                                              920 S.W.2d 488

Supreme Court of Arkansas
Opinion delivered April 29, 1996

*David Solomon*, for petitioners.

*Wilson & Assocs.*, by: *J.L. Wilson*, for respondents.

DAVID NEWBERN, Justice. Geraldine R. Davis and Arlanda Jacobs were unsuccessful candidates for separate justice of the peace positions in the general election held November 8, 1994. They sued the successful candidates and the members of the Phillips County Election Commission alleging numerous irregularities and illegalities in the conduct of the election and asked that they be declared the winners or that the election results be declared void. The Phillips County Circuit Court concluded that the irregularities and illegal conduct by public officials in the election process rendered the election void and ordered that a new election be held March 12, 1996. By order of January 29, 1996, we stayed the March 12 election.

On February 16, 1996, Barbara King, Robert Griffen, and Marvin Jarrett, the members of the Election Commission, petitioned for *certiorari* seeking "to hold void the requirement that [the Commissioners] ... hold a special election ... or in the alternative stay the calling of an election until an appeal can be heard ...." The Commissioners conclude the brief accompanying their petition as follows: "The writ of Certiorari should be granted as the Circuit Judge clearly exceeded his authority to void an election and require another to be held."

Two issues are thus presented. To the extent we are asked to set aside the Trial Court's judgment voiding the elections we decline to issue the writ. We grant the writ as to that part of the judgment requiring the Commissioners to hold a new election.

### 1. Void elections

■ The Commissioners focus on the characterization by the complainants in the Trial Court of each of their separate causes of action as "an election contest." They argue our decision in *Binns v. Heck*, 322 Ark. 277, 908 S.W.2d 328 (1995), redefined the proof necessary to succeed in an election contest. *Binns v. Heck* was a contest brought by a losing alderman candidate who alleged that if illegal votes cast in favor of the declared winner were purged he would have won. We held, as we had held many times in the past, that "a pleading which merely alleges the conclusion that the contestant received more legal votes than the contestee without alleging facts which would disclose that the result of the election was actually different from that shown by the returns does not state a cause of action," citing *Files v. Hill*, 268 Ark. 106, 594 S.W.2d 836 (1980), and *Jones v. Etheridge*, 242 Ark. 907, 416 S.W.2d 306 (1967).

■ In *Phillips v. Earngey*, 321 Ark. 476, 901 S.W.2d 782 (1995), and in *Rubens v. Hodges*, 310 Ark. 451, 837 S.W.2d 465 (1992), we distinguished between election contests and actions brought to declare an election void. We did so, however, only for the purpose of discussing whether an election commission might be a proper party. We did nothing in those cases to disturb the conclusion we reached in *Files v. Hill, supra*, that "the mere fact that one bringing suit only seeks to have the election declared void and does not seek the office for himself, or even for the candidate he espouses, does not keep the proceeding from being categorized as an election contest." *See also Spires v. Election Comm'n of Union*

*County,* 302 Ark. 407, 790 S.W.2d 167 (1990).

There thus are two types of election contests. When it is of the type where the contestant seeks to oust and replace the certified winner, the proof must be as we stated in *Binns* v. *Heck, supra,* but a contest of the election in general, seeking to have it declared void altogether is different. Both types were pleaded here. The holding of the Trial Court in this case makes it of the latter sort, and we must decide whether *certiorari* should issue to set aside the holding which voided the elections.

■ *Certiorari* lies to correct proceedings erroneous on the face of the record when there is no other adequate remedy, and it is available in the exercise of superintending control over a tribunal which is proceeding illegally where no other mode of review has been provided. *Lupo* v. *Lineberger,* 313 Ark. 315, 855 S.W.2d 293 (1993); *Sexton* v. *Supreme Court,* 297 Ark. 154-A, 761 S.W.2d 602 (1988); *Bridges* v. *Arkansas Motor Coaches,* 256 Ark. 1054, 511 S.W.2d 651 (1974). It will not take the place of an appeal unless the right of appeal has been lost by no fault of the aggrieved party. *Hendricks* v. *Parker,* 237 Ark. 656, 375 S.W.2d 811 (1964); *Hyder* v. *Newcomb,* 234 Ark. 486, 352 S.W.2d 826 (1962). *Certiorari* may only be resorted to in cases when an excess of jurisdiction is apparent on the face of the record. *See Lupo* v. *Lineberger, supra.* A writ of *certiorari* is a remedy to quash irregular proceedings "but only for errors apparent on the face of the record; not to look beyond the record to ascertain the actual merits of a controversy or to control discretion or to review findings of facts." *Id.*

■■ The Commissioners argue:

There is no basis to void an election in a contest case as set out in *Binns, supra.* But even so the test to void an election of *Patton* v. *Coates,* 41 Ark. 111 (1883), *Jones* v. *Glidewell,* 53 Ark. 161 (1890), *Baker* v. *Hendrick,* 225 Ark. 778, and *Files* v. *Hill,* 268 Ark. 106 594 S.W.2d 836 (1980), [is] far from being met in the findings of the Circuit Judge.

By citing the line of cases beginning with the landmark *Patton* v. *Coates,* the Commissioners all but concede the Trial Court did not act in excess of his jurisdiction by voiding the election. We have no doubt a circuit court may set aside an election in accordance with the rule stated in the *Patton* case:

> The wrong should appear to have been clear and flagrant; and in its nature, diffusive in its influences; calculated to effect more than can be traced; and sufficiently potent to render the results really uncertain. If it be such, it defeats a free election, and every honest voter and intimidated or deceived voter is aggrieved thereby . . . If it be not so general and serious, the court cannot safely proceed beyond the exclusion of particular illegal votes, or the supply of particular legal votes rejected.

Whether the Trial Court's findings were sufficient to do it in this case is, of course, an issue we may determine on appeal if an appeal is proper and if it is pursued in this matter. The Trial Court did not act without jurisdiction or in excess of its jurisdiction by holding the election void.

### 2. New election

■ As we held recently in *Binns* v. *Heck, supra,* and in *Phillips* v. *Earngey, supra,* there is no statutory or other authority for a trial court to direct an election commission to call a new election after an invalid previous election. We held in both cases that, for the court to direct an election commission to do so would confer a power that does not exist and establish a remedy only the General Assembly may create.

Cases in which we have held *certiorari* appropriate when an error appears on the face of the record include *Bates* v. *McNeil,* 318 Ark. 764, 888 S.W.2d 642 (1994) (order of body attachment or arrest without opportunity to be heard); *Casement* v. *State,* 318 Ark. 225, 884 S.W.2d 593 (1994) (denial of appeal bond in accordance with statute superseded by rule); and *Midwest Buslines, Inc.* v. *Munson,* 274 Ark. 108-A, 622 S.W.2d 187 (1981) (issuance of a temporary restraining order without ordering expeditious hearing as required by rule).

■ In view of our decisions in *Binns* v. *Heck, supra,* and *Phillips* v. *Earngey, supra,* the error in this case of ordering the Phillips County Election Commission to hold a new election was clear on the face of the record, and issuance of *certiorari* is thus warranted unless, of course, an appeal would suffice. Justices of the peace are elected every two years. Ark. Const. art. 7, § 38. The election ordered was to supplant one held in 1994. We are now well into the second year of the term of office for which the election was

to be held. By the time an appeal could be decided, the 1996 election would be upon us. *Certiorari* is proper in this circumstance. We grant the writ to the extent of setting aside the order commanding the Phillips County Election Commission to hold a new election to fill the justice of the peace positions at issue.

Writ of *certiorari* granted in part and denied in part.

DUDLEY, GLAZE, and CORBIN, JJ, not participating.

Special Justices ERIC W. BISHOP, RONALD L. BOYER, and CONSTANCE G. CLARK join the opinion.