The Honorable Jimmie L. Wilson State Representative 1738 Phillips County 438 Road Lexa, AR 72335
Dear Representative Wilson:
This is in response to your request for an opinion regarding the election of Justices of the Peace for Districts 7 and 9 of Phillips County. You note that the election for these positions was declared void by order of the circuit court, and that this portion of the order was not appealed. You also state that "[t]he persons whose election was declared void, however, have persistently participated in Justice of the Peace business, expended public monies, appropriated public monies, and utilized public monies and facilities." Your question in this regard is as follows:
 Please advise of the civil and criminal consequence of said actions. Please include whether or not the County Judge, who has condoned the activities of these usurpers of public office, is also liable, i.e., whether or not he has any liability, and what remedies are available to the public.
 It is my understanding that these positions were filled with newly elected justices of the peace at the November, 1996, general election. Your question thus pertains to the period of time following entry of the circuit court order in December, 1995, and the subsequent election. While it seems clear that a "condition of vacancy" existed in these positions when the election was declared void (see A.C.A. §§ 14-14-1308(7) and -1309(a) (1987) and Op. Att'y Gen. 96-011), it is my opinion that the "de facto officers" doctrine in all likelihood rendered their actions valid during the period that they remained in office. Thus, in response to your specific question, their official actions during that period may not be collaterally attacked. See generally Appleby v. Belden Corp., 22 Ark. App. 243, 738 S.W.2d 807
(1987). Because the actions of de facto officers are deemed valid and effectual, it may reasonably be concluded that no liability arises as a result of their continued participation in quorum court business. I believe the public's remedy in this instance was to compel the quorum court to declare a vacancy (A.C.A. § 14-14-1309) and then fill the vacancy (A.C.A. § 14-14-1310).
The above conclusions follow, in my opinion, from the fact that the circuit court order which voided the election in this instance did not oust the certified winners from office. As explained by the Supreme Court in King v. Davis, 324 Ark. 253, 920 S.W.2d 488 (1996) (on petition for writ of certiorari seeking to quash the circuit court order in question):
 There thus are two types of election contests. When it is of the type where the contestant seeks to oust and replace the certified winner, the proof must be as we stated in Binns v. Heck, supra, but a contest of the election in general, seeking to have it declared void altogether is different. Both types were pleaded here. The holding of the Trial Court in this case makes it of the latter sort. . . .
324 Ark. at 256 (emphasis added).
This distinction is important because had the circuit court order operated as an ouster, I believe it could be successfully argued that there was no "color of right" or title to the office after the circuit court ruled. See generally Faucette, Mayor v. Gerlach, 132 Ark. 58, 60,200 S.W. 279 (1918) (defining an "officer de facto" as "one who by some color of right is in possession of an office and for the time being performs its duties with public acquiescence, though having no right in fact"). In this regard, it should be noted that the legislature has provided for forfeiture or ouster when it is determined by the court that "the defendant in the proceeding . . . was not entitled to be elected or to the nomination. . . ." A.C.A. § 7-5-809(a) (Repl. 1993). This section provides that "the judgment shall operate as a forfeiture of nomination or ouster from office." Id. It seems clear, in my opinion, that this provision applies to the election contest wherein the unsuccessful candidate succeeds in ousting the successful candidate. The "defendant in the proceeding" (§ 7-5-809) in that instance is the successful candidate. The election commission is only a nominal defendant in such a case. See Phillips v. Earngey, 321 Ark. 476, 901 S.W.2d 782 (1995) andRubens v. Hodges, 310 Ark. 451, 837 S.W.2d 465 (1992).
As noted in King v. Davis, supra, "a contest of the election in general, seeking to have it declared void altogether is different."324 Ark. at 256. The King case suggests that a judgment voiding the election in such a case does not automatically oust the certified winner from office. Nor, in my opinion, as discussed above, does A.C.A. §7-5-809 work a forfeiture or ouster in that instance. With regard to the particular justice of the peace positions in question, the quorum court was clearly authorized and arguably required to declare a vacancy based upon the circuit court order voiding the election. See
A.C.A. §§ 14-14-1308(7) and14-14-1309(a)(1). The vacancies would then be filled by the quorum court. A.C.A. § 14-14-1310. Apparently, however, the quorum court never acted in this regard. I must conclude that the individuals who remained in possession of the justice of the peace offices were officers de facto
during that period following the circuit court ruling when a condition of vacancy existed but there was no declaration of vacancy. They were not ousted from office by virtue of the judicial ruling. Until the quorum court acted, therefore, I believe their official acts were valid and effectual as though they were serving by right.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh