Grady Lewis WARNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–05–00369–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 8, 2006.

Stephen Gustitis, Bryan, for appellants.

Stephen Christopher Taylor, Humble, for appellees.

Panel consists of Justices HUDSON, FOWLER, and SEYMORE.

## OPINION

J. HARVEY HUDSON, Justice.

Grady Lewis Warner, appellant, was charged by indictment with the felony of-fense of escape. A jury found him guilty and assessed his punishment at confinement in the state penitentiary for a term of 12 years. In two points of error, appellant contends the evidence is legally and factually insufficient to support the conviction. We reverse and acquit.

On January 3, 2004, Burleson County Sheriff's Deputy Justin Royal was dispatched to investigate a domestic dispute in Cedar Creek. While en route to the location, Deputy Royal was advised by the dispatcher that one of the parties to the dispute, Grady Warner, was wanted for a parole violation and a "blue" warrant had been issued for his arrest. When he arrived at the scene of the altercation, he observed several adults and children standing in front of a residence. Deputy Royal stated to the group that he needed to talk to Grady Warner. Appellant identified himself and accompanied the deputy back to his patrol vehicle.

There is a conflict in the testimony of the witnesses as to what happened next. Deputy Royal testified that he placed both hands upon appellant's arms and informed him he was under arrest for a parole violation. Deputy Royal claimed he continued to grasp appellant's wrist with his left hand and reached for his handcuffs with his right hand. At this moment, appellant broke free and ran into the nearby woods. Deputy Royal pursued appellant, but was unable to apprehend him.

Appellant suggests Deputy Royal's testimony conflicts to some degree with his offense report. Deputy Royal wrote in his report:

I approached Mr. Warner, his brother Billy Bria, ... Mr. Warner's son and Mr. Bria's wife. Mr. Warner advised me that everything was ok and we were not needed. I told Mr. Warner that I still needed to speak with him. I walked

Mr. Bria [sic] over to my vehicle and told him that he was under arrest. I told him that he was wanted by Parole and had a blue warrant. Mr. Bria [sic] was standing up against my vehicle as I was grabbing his hand to cuff him Mr. Bria [sic] pushed away and ran into the woods.

Because Deputy Royal described his actions in the past continuous tense, i.e., "as I was grabbing his hand," rather than in the simple past tense, i.e., "after I grabbed his hand," it is difficult to discern from his report whether Deputy Royal was or was not in physical control of appellant at the time he bolted and ran. Moreover, Deputy Royal initially described the offense in his incident report as evading arrest, not escape. Finally, both appellant's brother and sister-in-law testified that they witnessed the incident and at no time did Deputy Royal ever put his hands on appellant.

■■■■ In his first point of error, appellant contends the evidence is legally insufficient to sustain his conviction. In a legal sufficiency review, we look at the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 n. 12, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Wilson v. State*, 7 S.W.3d 136, 141 (Tex.Crim.App.1999). We do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim.App.1993).

The legislature has provided a continuum of offenses related to difficulties frequently encountered by the police when apprehending a suspect. If a suspect flees from an officer before being arrested, he may be charged with evading arrest.[1] If he flees after he has been taken into custody, the defendant may be prosecuted for escape.[2] If a defendant uses force against an officer to prevent his arrest, he may be convicted of resisting arrest.[3] Here, there is some evidence from which a rational jury could believe that Deputy Royal placed his hands on appellant's arms and was still grasping one arm with his left hand when appellant broke free and fled. Thus, the question before us is whether the grasping of a suspect's arm while orally telling him he is under arrest constitutes "custody."

■■■■ In the context of the Fourth Amendment, the "seizure" of a person ordinarily "bears the meaning of a laying on of hands or application of physical force to restrain movement, even when it is ultimately unsuccessful." *California v. Hodari D.*, 499 U.S. 621, 626, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991). However, even without the use of physical contact, force, or restraint, a person is in custody within

**1.** A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him.

Tex. Penal Code Ann. § 38.04(a) (Vernon 2003).

**2.** A person commits an offense if he escapes from custody when he is: (1) under arrest for, charged with, or convicted of an offense; or (2) in custody pursuant to a lawful order of a court.

Tex. Penal Code Ann. § 38.06(a) (Vernon 2003).

**3.** A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another.

Tex. Penal Code Ann. § 38.03(a) (Vernon 2003).

the meaning of the Fourth Amendment if, in view of all the circumstances, a reasonable person would have believed that he was not free to leave. *United States v. Mendenhall,* 446 U.S. 544, 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). Certainly, any reasonable person under the facts presented here would have believed he was not free to leave.

However, when construing "custody" as that word is used in section 38.06 of the Penal Code, the Texas Court of Criminal Appeals has imposed a much higher degree of restraint. For example, in *Medford v. State,* a police officer informed the defendant he was under arrest, grabbed his left arm, and reached for his handcuffs. 13 S.W.3d 769, 771 (Tex.Crim.App.2000). At that instant, the defendant broke free of the officer's grasp and fled. There, the court of criminal appeals held the defendant was not in "custody," because an "arrest" is complete only "when a person's liberty of movement is successfully restricted or restrained, whether this is achieved by an officer's physical force or the suspect's submission to the officer's authority." *Id.* at 773. Of course, an escape can only occur where the officer is *unable* to "successfully" restrain the defendant. Thus, under the court of criminal appeals' construction of the statute, no person may be prosecuted for escape where he succeeds in prying himself loose from the officer's grasp.

The facts presented here are indistinguishable from those presented in *Medford.* As an intermediate appellate court, we are obliged by stare decisis to follow the decisions of the court of criminal appeals. We recognize that our holding promotes crime by encouraging suspects to balk, pull away, defy, and even wrestle with the police who are attempting to effect an arrest. Moreover, we have grave doubts the legislature intended such a result. Were we writing on a clean slate, we might well decide the issue differently. *See Gibbons v. State,* 676 So.2d 956, 957–58 (Ala.Crim.App.1995) (holding defendant escaped from custody after officer grabbed his wrist and told him he was under arrest); *State v. Stroud,* 209 Ariz. 410, 412–413, 103 P.3d 912, 914–915 (2005) (holding defendant escaped from custody when officer grabbed the collar of his shirt and told him he was under arrest).

Appellant's first point of error is sustained, the judgment is reversed, the indictment is dismissed, and appellant is acquitted. In light of our disposition of appellant's first point of error, we need not reach his second point of error.